603 So.2d 690 (1992)
Raymond A. GRIFFITHS and Mary Ann Griffiths, Appellants,
v.
BARNETT BANK OF NAPLES, a Florida banking corporation, Appellee.
No. 91-02631.
District Court of Appeal of Florida, Second District.
August 19, 1992.
*691 Roger E. Craig of Craig, Ryan & Mast, Naples, for appellants.
F. Joseph McMackin, III and Louis D. D'Agostino of Quarles & Brady, Naples, for appellee.
RYDER, Acting Chief Judge.
Raymond A. Griffiths and Mary Ann Griffiths attack the trial court's summary judgment with respect to their counterclaim in this foreclosure action. We affirm and remand with directions that the trial court allow appellants to amend their answer.
Barnett Bank of Naples (Barnett) brought a foreclosure action when the Griffiths failed to pay amounts due under the terms of a note and mortgage (the bridge loan) obtained to make a down payment on real property which was the subject of a sales contract executed by them. The Griffiths answered and counterclaimed, asserting negligence, indemnification, breach of contract, breach of a fiduciary relationship and fraud. No affirmative defenses were pleaded. The gist of the counterclaim is that a Barnett banking officer had induced them to rely on her misrepresentations that it would finance the additional amount required to purchase the residence. The Griffiths argue that their execution of the bridge loan and their reliance on Barnett's assurances estops the bank from enforcing the strict terms of the mortgage. Barnett disputes that any commitments were made to lend appellants any money for the purchase of the property. No written agreement evidencing such a loan agreement exists.
On July 3, 1991, Barnett filed a motion for summary judgment as to the Griffiths' counterclaim and scheduled the hearing for August 2, 1991. The Griffiths' counsel requested Barnett's counsel to reschedule the hearing because he would be out of town on the hearing date. Barnett's counsel consulted with his client and declined to reschedule the hearing. The Griffiths then filed an unverified motion for protective order asking the court to continue the summary judgment hearing. Although Barnett's counsel appeared at the hearing, the Griffiths' counsel was not present. Appellants had filed no answer or affidavits with respect to the scheduled summary judgment motion, but had previously filed an answer and affidavits with respect to Barnett's earlier filed and very similar motion for summary judgment as to the Griffiths' counterclaim. At the hearing, Barnett's counsel advised the trial court that the Griffiths' counsel was out of town and had filed the motion for protective order asking for a continuance of the hearing. The trial court granted Barnett's motion for summary judgment as to the appellants' counterclaim.
The Griffiths argue that the trial court's order was improper in light of its pending motion for protective order, and that the bank was not entitled as a matter of law to summary judgment. Barnett contends that section 687.0304, Florida Statutes (1989), bars any action because there was no written credit agreement.
Subsequent to the order entered by the court below from which this appeal is taken, this court issued an opinion in Brenowitz v. Central National Bank, 597 So.2d 340 (Fla. 2d DCA 1992). Brenowitz holds that the affirmative defenses of subsequent *692 waiver, estoppel and bad faith are outside the operation of section 687.0304.
There remains a factual dispute concerning the existence and substance of any representations allegedly made that the bank would finance the balance of the purchase price.
We agree with the trial court that the absence of any written credit agreement bars an action against the bank on the credit agreement. The Griffiths' claims of negligence, breach of contract, indemnification, breach of fiduciary relationship and fraud are all founded upon their assertions that the banking officer made statements or agreements concerning the extension of credit. These alleged actions are specifically excluded as specified in subsection (3) of section 687.0304. However, we, again note Brenowitz and restate that estoppel, fraud and other available affirmative defenses may be asserted by way of answer in accordance with Florida Rule of Civil Procedure 1.110(d).
Accordingly, we affirm the order from which the appeal is taken, but remand the case to the trial court with instructions to permit appellants to amend their answer to assert any available affirmative defenses to the complaint filed herein.
Affirmed and remanded with directions.
PARKER and ALTENBERND, JJ., concur.