640 So.2d 1212 (1994)
John L. MAYNARD, Appellant,
v.
CENTRAL NATIONAL BANK, etc., et al., Appellees.
No. 93-319.
District Court of Appeal of Florida, Fifth District.
August 5, 1994.
Gavin D. Lee, Maitland, for appellant.
Charles V. Choyce, Jr., of Honigman, Miller, Schwartz and Cohn, Orlando, for appellees.
DAUKSCH, Judge.
John L. Maynard, P.A. and Donnicia R. Humphrey Maynard appeal two final summary judgments entered in favor of Central National Bank (CNB). The judgments stem from two complaints filed by CNB against the Maynards.
CNB's first complaint against the Maynards alleged that CNB loaned John Maynard $50,000 in exchange for a promissory note executed by John Maynard in the amount of $50,000. John Maynard executed a second promissory note to renew the indebtedness of the first note and executed a third promissory note to renew the indebtedness of the second note. John Maynard also executed and delivered a guaranty to CNB which provides that he will unconditionally guarantee the debt evidenced by the first note. Additionally, John and Donnicia Maynard executed and delivered a second guaranty to CNB which provides they will unconditionally guarantee the payment of any existing indebtedness to CNB and any renewals, extensions and refinancing of this indebtedness. CNB alleged that John Maynard *1213 defaulted under the terms of the third note by failing to make a payment due May 28, 1991, which was demanded on July 10, 1991.
CNB filed a second complaint against the Maynards. In this complaint CNB alleged that on September 7, 1989, John Maynard executed and delivered to CNB a promissory note in the amount of $150,000, and to secure the note the Maynards executed and delivered to CNB a mortgage, which was recorded. John Maynard executed a renewal note to CNB to renew the indebtedness of the first note. CNB alleged in their second complaint that the renewal note and extension agreement were in default because John Maynard failed to make a payment due on September 7, 1991, which was demanded by letter dated November 13, 1991. This letter accelerated the sums owed under the note, renewal note and extension agreement as secured by the mortgage.
The Maynards answered CNB's first complaint and submitted five affirmative defenses. In their first affirmative defense, the Maynards alleged that the consideration for the promissory note sued upon was CNB's promise to loan them $75,000, and an additional $150,000 as a first mortgage on property in Volusia County, Florida, but that CNB failed to make either loan. Their second affirmative defense alleged that CNB violated the Federal Bankruptcy Statute when it coerced them into borrowing money. Their third affirmative defense alleged that CNB induced them to purchase a promissory note that was the subject matter of a Chapter 7 Bankruptcy action. Their fourth affirmative defense alleged that the guaranty of Donnicia R. Maynard never applied to the loan in question. Their fifth affirmative defense alleged that CNB should be prohibited from bringing this action by the doctrine of estoppel.
The Maynards filed answers and affirmative defenses to CNB's second complaint, pertaining to the foreclosure action. In their first affirmative defense the Maynards alleged that Donnicia Maynard's guaranty was to apply only to the promissory note of September 7, 1989, and to none of the renewals, extensions or alterations thereof. Their second affirmative defense alleged that CNB should be prohibited from bringing this action by the doctrine of estoppel. Their third affirmative defense alleged that CNB committed fraud upon them with respect to a promissory note.
CNB responded to the Maynards' answers with a motion to strike the affirmative defenses. CNB relied on the authority of section 687.0304, Florida Statutes (1991) which provides in pertinent part as follows:
(2) Credit agreements to be in writing.  A debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.
The trial court granted CNB's motion based upon section 687.0304, Florida Statutes. CNB then filed a motion for summary judgment contending that since the Maynards' affirmative defenses were stricken, there are no genuine issues of material fact and that CNB is entitled to summary judgment as a matter of law. The trial court granted CNB's motion for summary final judgment.
Section 687.0304 prevents a debtor from bringing a claim based on an oral credit agreement but does not prevent a debtor from asserting affirmative defenses based on an oral credit agreement. Brenowitz v. Central Nat'l Bank, 597 So.2d 340, 343 (Fla. 2d DCA 1992). The Second District Court of Appeal in Brenowitz determined that affirmative defenses of subsequent waiver, estoppel, and bad faith are outside of the operation of section 687.0304, Florida Statutes. Id. In Brenowitz, the bank filed suit after several installment payments were past due and after a demand for acceleration was made under the default provision of the loan. Brenowitz asserted affirmative defenses of waiver, estoppel and bad faith. The affirmative defenses were based in part on discussions that occurred in a meeting between Brenowitz and a bank officer after the default. Brenowitz contends that he was told that if he brought his interest payments up to date and provided more security for his loan the bank would stay its demand for acceleration. Brenowitz also claimed that he was induced to buy stock in the bank in *1214 exchange for assurance that as long as he remained a stockholder, and the interest payments remained current, the note would be continuously renewed. Id. at 341. The president of the bank acknowledged that the past due interest had been brought current subsequent to the meeting but stated that this did not cure the default status of the loan. The bank argued that Brenowitz' affirmative defenses were barred by section 687.0304, Florida Statutes. The court found that Brenowitz did not make an independent claim that can be construed in the nature of an action for damages for the breach of an unwritten agreement. Brenowitz asserted affirmative defenses to estop the bank from taking advantage of the original terms of a written loan agreement in the face of a later waiver or modification of these terms. The court found that Brenowitz' affirmative defenses of subsequent waiver, estoppel and bad faith are outside of the operation of the statute. Id. at 343.
The Second District Court of Appeal in Griffiths v. Barnett Bank of Naples, 603 So.2d 690, 692 (Fla. 2d DCA 1992) recognized that Brenowitz provides that estoppel, fraud and other available affirmative defenses may be asserted pursuant to Florida Rule of Civil Procedure 1.110(d) and are not barred by section 687.0304, Florida Statutes. In Griffiths, Barnett Bank brought a foreclosure action when the Griffiths failed to pay amounts due under the terms of a note and mortgage. The Griffiths answered and counterclaimed asserting negligence, indemnification, breach of contract, breach of fiduciary relationship and fraud. The Griffiths asserted in their counterclaim that a Barnett Bank officer induced them to rely on her misrepresentation that the bank would finance the additional funds required to purchase the residence. No written agreement evidencing this loan agreement exists. The Griffiths filed no affirmative defenses. Barnett filed a motion for summary judgment as to the Griffiths' counterclaim which the trial court granted. Subsequent to the trial court's order granting the motion to dismiss, the Second District Court of Appeal issued an opinion in Brenowitz. The court recognized the Brenowitz decision and affirmed the order granting the motion to dismiss but remanded the case to the trial court with instructions to permit appellants to amend their answer to assert any available affirmative defenses.
In the present case the Maynards asserted five affirmative defenses to the first complaint and three affirmative defenses to the second complaint. The trial court granted CNB's motion to strike the affirmative defenses based on the authority of section 687.0304, Florida Statutes. Two of the affirmative defenses to each complaint that were struck by the trial court dealt with the doctrine of estoppel and fraud or bad faith. According to Griffiths and Brenowitz, affirmative defenses of subsequent waiver, estoppel and bad faith are outside of the operation of section 687.0304. Therefore, the affirmative defenses should not have been stricken by the trial court on the authority of section 687.0304. Further, the trial court erroneously entered summary final judgment, which it granted by reasoning that after the affirmative defenses were struck there were no genuine issues of material fact.
The summary final judgment and the order granting CNB's motion to strike the Maynards' affirmative defenses are reversed and the cause is remanded to the trial court for further proceedings.
REVERSED and REMANDED.
THOMPSON, J., concurs.
GOSHORN, J., dissents with opinion.
GOSHORN, Judge, dissenting.
I respectfully dissent because the claims asserted by the appellants are not affirmative defenses to Central National Bank's (CNB) foreclosure.[1] They are, at best, counterclaims against CNB for damages unrelated to the subject of the foreclosure and as such *1215 are barred by the operation of section 687.0304, Florida Statutes (1991) (preventing a debtor seeking affirmative relief from using an unwritten credit agreement to sue the creditor for breach of that agreement).
In my view, the two cases relied on by the majority are readily distinguishable on their facts. In Brenowitz v. Central National Bank, 597 So.2d 340 (Fla. 2d DCA 1992), the question was the bank's right to accelerate the loan pursuant to the default provisions of the written loan agreement. Brenowitz asserted affirmative defenses sounding in waiver, estoppel and bad faith. Regarding Brenowitz's defenses, the court stated:
The affirmative defenses are based, in part, on discussions that occurred at a meeting between Brenowitz and officers of the Bank subsequent to the default and the Bank's acceleration. The discussions were to the effect that if Brenowitz brought his interest payments up to date and provided more security for his loan, the Bank would stay its demand for acceleration. Brenowitz also claimed in these affirmative defenses that he had been previously induced to buy stock in the Bank in exchange for an assurance that as long as he remained a stockholder, and the interest payments remained current, the note would be continuously renewed.
Id. at 341. Those claims, if proven, would constitute true affirmative defenses to the bank's attempt to accelerate the mortgage debt. As such, the Second District properly held that Brenowitz's defenses did not constitute an action against the bank maintained by Brenowitz as a debtor and, accordingly, the defenses were not subject to the limitations of section 687.0304.
In Griffiths v. Barnett Bank of Naples, 603 So.2d 690 (Fla. 2d DCA 1992), in response to the bank's foreclosure action of a "bridge" loan for a down payment on a residence, the Griffithses filed a counterclaim asserting that the bank had induced them to rely on a misrepresentation that the bank would finance the additional amount required to purchase the property. The Second District affirmed the trial court's entry of summary judgment against the Griffithses on their counterclaim, agreeing that pursuant to section 687.0304, the absence of any written credit agreement barred the counterclaim.[2]
In contrast to the above-cited cases, the claims asserted by the appellants in the instant case are not affirmative defenses in their current form, nor are they susceptible to amendment to avoid the prohibition of section 687.0304. Accordingly, I would affirm.
NOTES
[1] "In the context of a civil law action, an affirmative defense is a pleading that, in whole or part, bars or voids the cause of action asserted by an opponent in the preceding pleading and must be distinguished from a counterclaim which is a part of an answer served by a defendant asserting a cause of action against a plaintiff." Storchwerke, GMBH v. Mr. Thiessen's Wallpapering Supplies, Inc., 538 So.2d 1382, 1383 (Fla. 5th DCA 1989).
[2] The Second District, without commenting on whether the allegations of the counterclaim might be recast as an affirmative defense, did, however, acknowledge Brenowitz and instructed the trial court on remand to permit the Griffithses to amend their answer "to assert any available affirmative defenses... ." Griffiths, 603 So.2d at 692.