**OHIO VALLEY PLASTICS, INC.,**
an Indiana Corporation,
Appellant–Plaintiff,

v.

**NATIONAL CITY BANK, a Ohio**
Corporation, Appellee–
Defendant.

No. 49A02–9702–CV–110.

Court of Appeals of Indiana.

Nov. 24, 1997.

Charleyne L. Gabriel, Leeuw Plopper Beeman & Doyle, Indianapolis, for Appellant–Plaintiff.

David C. Campbell, Bingham Summers Welsh & Spilman, Indianapolis, Harry John Watson, III, Indianapolis, for Appellee–Defendant.

## OPINION

ROBERTSON, Judge.

Ohio Valley Plastics, Inc. [Borrower] appeals the summary judgment entered in favor of National City Bank [Bank]. Borrower

raises two issues, which we restate and consolidate into one as follows:

> whether Borrower's claim is barred by a relatively new Statute of Frauds found at Ind.Code 32–2–1.5 which requires that credit agreements be in writing.

We affirm.

## FACTS

The facts in the light most favorable to the nonmovant Borrower reveal that in early 1994, Borrower began negotiating to buy another company. Borrower applied to the Bank for a $300,000.00 line of credit to finance the purchase. The Bank's loan officer continuously assured Borrower that the loan had been approved, inducing Borrower's reasonable reliance upon that representation.

However, the dispositive fact is undisputed. No written memorial of the alleged agreement exists which 1) contains the terms of the alleged loan, and 2) was signed by both Borrower and Bank.

On May 27, 1994, Borrower entered into a written agreement to purchase the other company and scheduled the closing of the sale for June 9, 1994. Although the Bank loan officer continued to assure Borrower that there were no problems with the loan, the loan did not materialize and the closing had to be postponed.

Even after that, the Bank officer continued to assure Borrower that the line of credit had been approved and would be available for withdrawal by July 11, 1994. Relying on these representations, Borrower, with the full knowledge of the Bank officer and in his presence, wrote a check for almost $90,000.00 on the line of credit. The check bounced.

Eventually, Borrower learned that 1) the loan had never been approved by the Bank; 2) the Bank officer had never submitted the loan application to the Bank's loan committee, and 3) the Bank officer had not applied for a loan guarantee from the Small Business Administration (as he had represented). Borrower then went to another bank and promptly obtained the loan it needed to purchase the new business.

However, as a result of the Bank officer's deceit, and Borrower's reliance thereon, the purchase of the new company had been delayed by seven months. Borrower had incurred substantial reliance damages including 1) lost business opportunities, 2) costs associated with delaying business plans dependent upon the purchase, 3) damage to Borrower's business reputation, 4) costs of stationery which was unusable, and 5) other out of pocket expenses. Additionally, as interest rates had risen during the relevant period, the loan Borrower eventually obtained had a higher rate of interest than the one Borrower had been promised from the Bank.

Borrower brought the instant lawsuit against the Bank alleging fraud and promissory estoppel. Bank obtained summary judgment on the basis of the Statute of Frauds found at Ind.Code 32–2–1.5. This appeal ensued.

## DECISION

■ Despite a conflict in facts and inferences on some elements of a claim, summary judgment is appropriately entered when no dispute exists with regard to facts which are dispositive of the litigation. *Ford v. Madison–Grant Teachers Association,* 675 N.E.2d 734, 736 (Ind.Ct.App.1997), *trans. denied.* Indiana Code 32–2–1.5–5, entitled **Actions upon agreements to enter into new credit agreements or to modify prior credit agreements; requisites,** reads:

> A debtor may bring an action upon an agreement with a creditor to enter into a new credit agreement ... only if the agreement:
>
> (1) is in writing;
>
> (2) sets forth all the material terms and conditions of the agreement; and
>
> (3) is signed by the creditor and the debtor.

(Pertinent part only). "Debtor," as defined under this chapter, includes a person who "seeks a credit agreement with a creditor." I.C. 32–2–1.5–3(2). "Creditor," as defined under this chapter, includes "a bank." I.C. 32–2–1.5–2(1). "Credit agreement," as defined under this chapter, means an agreement to: 

> (1) lend ... money, ...;

(2) otherwise extend credit; or

(3) make any other financial accommodation.

I.C. 32–2–1.5–1. The present case is the first to be decided under this particular Statute of Frauds which was enacted in 1989 by P.L. 275–1989.

■ Borrower argues that his damages resulted, not from any credit agreement with the Bank, but from the Bank's misrepresentation that Bank and Borrower had such an agreement when none existed. Thus, Borrower argues, the Statute of Frauds has no application in the present case because his lawsuit, based on theories of fraud and promissory estoppel, is not an "action upon an agreement" as required under I.C. 32–2–1.5–5. Borrower also argues that, even if the circumstances of the transaction bring it within the application of the Statute of Frauds, the equitable theories of constructive fraud and/or promissory estoppel remove the case from the Statute. Borrower correctly points out that equity will not permit the Statute of Frauds to be used to perpetrate fraud. *See Whiteco Industries, Inc. v. Kopani,* 514 N.E.2d 840, 844 (Ind.Ct.App.1987), *trans. denied.*

■ As stated in *JKB, Sr. v. Armour Pharmaceutical Co.,* 660 N.E.2d 602 (Ind.Ct. App.1996), *trans. denied:*

> When interpreting a statute, the foremost objective is to determine and effect legislative intent. Statutes must be construed to give effect to legislative intent, and courts must give deference to such intent whenever possible. Thus, courts must consider the goals of the statute and the reasons and policy underlying the statute's enactment. Courts are to examine and interpret a statute as a whole, giving words their common and ordinary meaning, and not overemphasize a strict, literal, or selective reading of individual words. Words and phrases are taken in their plain, ordinary, and usual meaning unless a different purpose is manifested by the statute. Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the statute.

*Id.* at 605. Statutes relating to the same general subject matter are in pari materia and should be construed together so as to produce a harmonious statutory scheme. *Sanders v. State,* 466 N.E.2d 424, 428 (Ind. 1984).

■ The purpose of a Statute of Frauds is to preclude fraudulent claims which would probably arise when one person's word is pitted against another's so as to open wide those ubiquitous flood-gates of litigation. *Summerlot v. Summerlot,* 408 N.E.2d 820, 828 (Ind.Ct.App.1980). Moreover, as stated in *People's Outfitting Co. v. Wheeling Mattress Co.,* 67 Ind.App. 18, 118 N.E. 827 (1918):

> [A Statute of Frauds] tends to promote carefulness and exactness in commercial transactions. It removes the temptation to perjury. In the administration of justice it prevents the rights of litigants from resting wholly on the precarious foundation of memory. Like the statute of limitations, it operates in a sense as a statute of repose by avoiding strife and litigation. For these reasons the courts will hold strictly to the established rules.

*Id.* at 828. The closer a Statute of Frauds is adhered to with controlling judicial authority, the better. *Ball v. Cox,* 7 Ind. 453, 459 (1856) (Porter). Otherwise, the protections afforded by a Statute of Frauds will be diminished such that the Statute is rendered a dead letter. *Id.*

■ The substance of an action, rather than its form, controls whether a particular statute has application in a particular lawsuit. *INB National Bank v. Moran Electric Service, Inc.,* 608 N.E.2d 702, 706 (Ind. Ct.App.1993), *trans. denied; Shideler v. Dwyer,* 275 Ind. 270, 417 N.E.2d 281, 285–86 (1981) (The substance of a cause of action, and not the plaintiff's technical pleading labels, controls whether a particular statute will apply or not). As set out above, the Statute of Frauds at issue in the present case applies broadly, even to "an action upon *an agreement* with a creditor *to enter into* a new credit *agreement.*" I.C. 32–2–1.5–5 (Emphasis added). Regardless of whether the present cause of action is labeled as a breach of contract, misrepresentation, fraud, deceit,

promissory estoppel, its substance is that of an action upon an agreement by a bank to loan money. Therefore, the Statute of Frauds applies.

With respect to Borrower's contention that equitable principles serve to take the case out of Statute's application, we find *Whiteco,* 514 N.E.2d 840, dispositive. In *Whiteco,* we held, based on well-settled authority, that a claim of estoppel or fraud will not operate to remove a case from a Statute of Frauds where the promise relied upon is the very promise that the Statute declares unenforceable if not in writing. *Id.* at 844. In so holding, we noted:

> Were this not the rule the statute would be rendered virtually meaningless because the frustrated claimant would always assert an oral promise/agreement to defeat by means of estoppel the statute's requirement for a written one. The contest would then concern the credibility of the evidence of an oral promise of agreement. That of course, is precisely what the statute seeks to avoid.

*Id.* In order to establish an estoppel to remove a case from the operation of the Statute of Frauds, the plaintiff must show:

> '... that the other party's refusal to carry out the terms of the agreement has resulted not merely in a denial of the rights which the agreement was intended to confer, but the infliction of an unjust and unconscionable injury and loss.'
>
> In other words, neither the benefit of the bargain itself, nor mere inconvenience, incidental expenses, etc. short of a reliance injury so substantial and independent as to constitute an unjust and unconscionable injury and loss are sufficient to remove the claim from the operation of the State of Frauds.

*Id.* at 845 (Citing *Starkey v. Galloway,* 119 Ind.App. 287, 84 N.E.2d 731, 734 (1949)).

In the present case, the substance of Borrower's complaint is that it suffered damages as the result of the Bank's breach of its agreement to provide the line of credit. The Bank's damages include the benefit of bargain type—for example, the additional costs associated with the higher interest rate of the loan eventually obtained. The Borrower also suffered incidental or reliance damages including, 1) lost business opportunities, 2) costs associated with delaying business plans dependent upon the purchase, 3) damage to Borrower's business reputation, the 4) costs of stationery which was unusable, and 5) other out of pocket expenses. Nevertheless, we conclude, as a matter of law, that these damages, even when aggregated, fail to constitute a substantial and independent injury sufficient to remove Borrower's claim from the operation of the Statute of Frauds.

Incidentally, Borrower's claim of constructive fraud must fail. The elements of constructive fraud include 1) a material representation of fact, 2) which is false, 3) which induces reliance to the detriment of the one relying on that fact, and 4) *an advantage to the promisor. Eby v. York–Division, Borg–Warner,* 455 N.E.2d 623, 628 (Ind.Ct. App.1983) (Emphasis in original). In the present case, we can discern no advantage to the Bank (or its officer) resulting from the alleged misrepresentations regarding the status of Borrower's loan application.

However, our courts have permitted the recovery of reliance damages under the doctrine of promissory estoppel even where a Statute of Frauds operates to render an oral agreement unenforceable. *See Jarboe v. Landmark Community Newspapers of Indiana, Inc.,* 644 N.E.2d 118, 121–22 (Ind. 1994). But, this exception has been limited to oral employment agreements subject to the Statute of Frauds found at I.C. 32–2–1–1. *Id.* at 121. We decline to extend such an exception to the Statute of Frauds involved in the present case, I.C. 32–2–1.5, which covers credit agreements, due to our concern that such an exception would inappropriately erode the protections to be afforded by the Statute. *See Ball,* 7 Ind. at 459; *Summerlot,* 408 N.E.2d at 828; *People's Outfitting Co.,* 118 N.E. at 828.

Borrower's citation to our supreme court's decision in *First National Bank v. Logan Manufacturing Co., Inc.,* 577 N.E.2d 949 (Ind.1991) is well-taken. In that case, our supreme court held that a borrower could recover reliance damages from a bank under the theory of promissory estoppel even

where an oral agreement to loan money could not be enforced. *Id.* However, a critical distinction between the *Logan* case and the case at bar exists. The *Logan* case in no way involved a Statute of Frauds. The oral credit agreement involved in *Logan* pre-dated the effective date of the Statute involved in the present case. *See* P.L.275–1989 § 2 (This act does not apply to credit agreements entered into before July 1, 1989).

The Statute of Frauds found at I.C. 32–2–1.5 operates to bar Borrower's claim. Borrower has not carried its burden of persuading us that the trial court's entry of summary judgment was erroneous. *See Ford*, 675 N.E.2d at 736. Therefore, we find no error.

Judgment affirmed.

BAKER and STATON, JJ., concur.