THOMPSON, C.J.
Eboni Beauty Academy appeals final summary judgments in favor of AmSouth Bank of Florida. We affirm in part and reverse in part.
We affirm the summary judgment with respect to Eboni’s complaint against Am-South. The essence of the complaint is that AmSouth breached an oral agreement to lend all the money Eboni might need to begin its business operations. According to the complaint, Eboni is a non-profit corporation organized to provide cosmetology and .barber training with the goal of allowing the students to escape their dependence on welfare. Eboni’s principals had various meetings at various times with AmSouth regarding Eboni’s need for start-up funds. During the course of these discussions, the parties entered a series of loan transactions. For the most part, subsequent loans were used to pay off previous loans. The remaining proceeds of the various loans were used to pay closing costs and to provide capital for Eboni. Eboni eventually signed notes for $25,000, $65,000, and $130,000. The last note Ebo-ni signed was for $90,000, a note that was supposed to consolidate the notes for $25,000 and $65,000.
Eboni alleged in its complaint that “[sjuddenly and without warning, AmSouth shut off Eboni’s access to funds and refused to authorize additional draws.” According to the affidavit of Sandra Lewis, a representative of Eboni, she had brought the loan officer a copy of an estimate for improvements to Eboni’s leasehold. The estimate, prepared in February 1996, was for $130,000. According to Lewis, at this point the loan officer represented that Am-South would provide funding for all construction costs and up to $90,000 in equipment and supply needs. Lewis testified that she entered a contract with the construction company for $150,000 (including change orders), and would not have done so absent the promise of a loan for $130,-000. Eboni’s complaint is barred by sec *482 tion 687.0304, Florida Statutes, which provides that a debtor may not maintain an action' on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor. Because there is no writing comporting with the requirements of the statute, the court properly entered summary judgment on Eboni’s complaint.
We reverse the summary judgment in favor of AmSouth on its counterclaim against Eboni. The judgment was apparently based on section 687.0304, but the statute does not apply to affirmative defenses. See Maynard v. Central Nat’l Bank, 640 So.2d 1212 (Fla. 5th DCA 1994) (estoppel and fraud or bad faith), Brenowitz v. Central Nat’l Bank, 597 So.2d 340, 343 (Fla. 2d DCA 1992); Griffiths v. Barnett Bank of Naples, 603 So.2d 690, 692 (Fla. 2d DCA 1992) (estoppel, fraud and other available affirmative defenses); Consortion Trading Intern., Ltd. v. Lowrance, 682 So.2d 221 (Fla. 3d DCA 1996) (waiver, estoppel, bad faith). AmSouth posits other grounds for an affirmance, but in our view, at this stage of the proceedings the facts are not “so crystalized that disposition of questions of law are all that remain for a trial court to determine.” Florida Power & Light Co. v. Daniell, 591 So.2d 284 (Fla. 5th DCA 1991), rev. denied, 599 So.2d 1278 (Fla.1992). For example, unresolved is whether two of the promissory notes upon which AmSouth sued, for $25,000 and $65,000 respectively, were superseded by a note for $90,000, upon which AmSouth did not sue. We observe further that AmSouth should have produced the original promissory notes. See, e.g., Abbott v. Penrith, 693 So.2d 67 (Fla. 5th DCA 1997).
AFFIRMED in part; REVERSED in part.
HARRIS and PETERSON, JJ„ concur.