804 So.2d 760 (2001)
HIBERNIA NATIONAL BANK
v.
CONTRACTOR'S EQUIPMENT & SUPPLY, INC., et al.
No. 01-897.
Court of Appeal of Louisiana, Third Circuit.
December 12, 2001.
Rehearing Denied February 6, 2002.
*761 Stephen C. Polito, H. Alan McCall, Lake Charles, LA, Counsel for Plaintiff/Appellant Hibernia National Bank.
Winfield E. Little, Jr., Lake Charles, LA, Counsel for Defendant/Appellee Barbara E. Isdale Bankens.
Court composed of HENRY L. YELVERTON, JOHN D. SAUNDERS and ELIZABETH A. PICKETT, Judges.
ELIZABETH A. PICKETT, Judge.

FACTS
On September 29, 1993, Calcasieu Marine National Bank ("Cal Marine") granted a loan to Contractor's Equipment and Supply, Inc. To secure this loan, Contractor's Equipment, Charles Bankens, his wife Marcia Bankens, and his mother Barbara Bankens, individually, executed a collateral mortgage package on property which was owned by the business or by individuals and used by the business. Additionally, Charles Bankens, Marcia Bankens, and Barbara Bankens each executed a "Continuing Guaranty." The continuing guaranty executed by Barbara Bankens in favor of Cal Marine secured the principal obligation of Contractor's Equipment up to $1,600,000.00. On December 13, 1994, Barbara Bankens executed a second continuing guaranty in favor of Cal Marine securing the principal obligation of Contractor's Equipment up to $750,000.00. According to the agreement, this second continuing guaranty was "cumulative with any other guaranty," bringing the total to $2,350,000.00. On April 5, 1995, Barbara Bankens executed a third continuing guaranty in favor of Cal Marine securing the principal obligation of Contractor's Equipment up to $2,250,000.00. This final guaranty executed by Barbara Bankens brought the total of the guaranties executed by her to the amount of $4, 600,000.00. The principal obligation secured by the guaranties was for a term of five years. Subsequently, Hibernia National Bank purchased Cal Marine.
At the end of the five-year term, a balloon payment was due and Charles Bankens began considering financial institutions with which he could refinance the indebtedness now owed to Hibernia. He ultimately decided to refinance with Hibernia.
In 1998, Hibernia and Contractor's Equipment executed a new loan agreement. In the negotiations preceding the loan, Charles Bankens made it clear he did not want his mother, Barbara Bankens, to be required to execute any continuing guaranties. When the loan was closed, only Charles and Marcia Bankens signed a new continuing guaranty. Barbara Bankens was told she would not be liable to Hibernia.
Following this refinancing, Barbara Bankens is not mentioned in any of the banks records or memos pertaining to this loan and was neither required nor requested to submit copies of her annual income tax returns to Hibernia as she had previously been required to do. In fact, all notations made by bank employees regarding this loan reflect that Barbara Bankens was to be a mortgagor only and not a guarantor of the loan.
Eventually, Contractor's Equipment defaulted on the loan and Hibernia filed suit for executory process, seizing the assets of the company and those in the collateral mortgage agreement. The suit was then converted to ordinary process and Hibernia pursued Charles, Marcia, and Barbara Bankens on the continuing guarantees that *762 had been executed in favor of Hibernia and Cal Marine. Following a trial on the merits, the trial court found in favor of Hibernia on the claims against Contractor's Equipment, Charles and Marcia Bankens. He dismissed the claims against Barbara Bankens. Hibernia appeals that portion of the judgment dismissing Barbara Bankens from the suit.

DISCUSSION
Hibernia alleges three assignments of error, as follows:
1) The trial court erred by not applying the Louisiana Credit Agreement Statute, La. R.S. 6:1121 et seq. By failing to require Barbara Bankens to demonstrate that the Guaranty Agreements were modified by a written agreement executed by both parties, the court failed to apply the applicable law.
2) The trial court erred by not enforcing the unambiguous provisions of the Continuing Guaranty Agreements which provide that a renewal of the underlying loans would not release the obligations created by execution of the Continuing Guaranty Agreements.
3) The trial court erred by not enforcing the Promissory Note which Bankens executed.

Assignments of Error Nos. 1 and 2
The appellant argues the trial court erred in not applying the provisions of La.R.S. 6:1121, et seq. in this matter which, they argue, would have precluded Barbara Bankens from introducing evidence which reflected her release from any personal obligation on the loan when that evidence failed to satisfy the requirements of La.R.S. 6:1121, et seq., dealing with Credit AgreementsWriting Requirements. La.R.S. 6:1122 provides as follows:

A debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor. (Emphasis added.)
La.R.S. 6:1123 provides as follows:
A. The following actions shall not give rise to a claim that a new credit agreement is created, unless the agreement satisfies the requirements of R.S. 6:1122:
(1) The rendering of financial or other advice by a creditor to a debtor.
(2) The consultation by a creditor with a debtor.
(3) The agreement of a creditor to take or not to take certain actions, such as entering into a new credit agreement, forbearing from exercising remedies under a prior credit agreement, or extending installments due under a prior credit agreement.
B. A credit agreement shall not be implied from the relationship, fiduciary, or otherwise, of the creditor and debtor.
The trial court considered the provisions of these statutes and determined that they were inapplicable to this proceeding, noting the primary purpose of the Credit Agreement Statute, La.R.S. 6:1121-23, was to establish with certainty the contractual liability of financial institutions.
We agree with the trial court's analysis of that statute. In Whitney National Bank v. Rockwell, 94-3049 (La.10/16/95); 661 So.2d 1325, the supreme court stated:
Similar to the D'Oench Duhme doctrine, these credit agreement statutes preclude the borrower's reliance on oral side agreements. See D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). But unlike the D'Oench Duhme doctrine which operates to preclude a borrower's affirmative *763 defenses to payment, credit agreement statutes operate to preclude a borrower's affirmative actions for damages based on oral side agreements. (Emphasis added.)
In the matter before us, Barbara Bankens is not attempting to maintain an action for damages, as was the debtor in Whitney National Bank. She argues the original loan was totally refinanced, not renewed, and she was never made a personal guarantor on the new loan. The trial court ultimately found La.R.S. 6:1121, et seq. to be inapplicable to these facts and we agree.
The trial court further determined, in the interest of justice, that the evidence the appellant objects to, including correspondence from Hibernia advising Barbara Bankens that she would not be personally liable to Hibernia on the debt, was admissible to prove that the guaranty of Barbara Bankens was vitiated by the subsequent Hibernia National Bank loan on which Barbara Bankens was not called upon to be a guarantor under the provisions of La.Civ.Code art. 1848 which provides as follows:
Testimonial or other evidence may not be admitted to negate or vary the contents on an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
We find no error in the trial court's admission of those documents and evidence.
The trial court made a specific finding that Hibernia National Bank did not intend to include Barbara Bankens as a guarantor on the new loan executed in April 1998. This finding is clearly supported by the record and, thus, may not be set aside by a reviewing court as it is not manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989).
We agree with the trial court's determination that Barbara Bankens has no personal liability as to this debt and affirm the trial court's ruling.

Assignment of Error No. 3
The appellant argues the trial court erred by not enforcing the collateral mortgage note executed by Barbara Bankens which was part of the collateral mortgage package executed in favor of Cal Marine. The collateral mortgage and collateral mortgage note at issue, dated September 23, 1998 secured the hand notes executed by Contractor's Equipment & Supply, Inc., under the original loan agreement.
The supreme court addressed this very issue in Diamond Services Corp. v. Benoit, 00-469 (La.2/21/01); 780 So.2d 367. In that case the supreme court clearly states "the maker of a collateral mortgage note, paraphed ne varietur for identification with the act of collateral mortgage, is not personally liable beyond the value of the mortgaged property when the collateral mortgage note is pledged to secure the debt of a third party ..." Id., 00-469, p. 26; 780 So.2d at 382.
Hibernia argues that the property mortgaged was valued at $370,000.00, and, because it only sold for costs at the second sheriffs sale, the appellant is entitled to a judgment against Barbara Bankens for $185,000.00 dollars pursuant to La.Code Civ.P. art. 2336. Article 2336 sets forth the computation for the total debt reduction in the event of a second offering of seized property.
We are unpersuaded by the appellant's argument. Barbara Bankens obligation under the collateral mortgage and collateral mortgage note is in rem in nature. The *764 supreme court's ruling in Diamond Services is clearly on point. She cannot be held personally liable beyond the value of the property mortgaged.
The property mortgaged in this matter was seized by Hibernia, under executory process, and ultimately became the property of Hibernia. In that Hibernia now has ownership of all the mortgaged property, it has received the "value" of the mortgaged property. The computation of credit against the remaining debt, under La. Code Civ.P. art. 2336, clearly applies to any party personally liable on a note and mortgage. Barbara Bankens, however, is not personally liable under the supreme court's holding in Diamond Services. We, therefore, affirm the trial court's ruling on this issue.
The ruling of the trial court is affirmed in all respects. Costs of this appeal are assessed against the appellant, Hibernia National Bank.
AFFIRMED.