John Thomas SEES, Appellant–Defendant,

v.

BANK ONE, INDIANA, N.A., Appellee–Plaintiff.

No. 35A02–0309–CV–744.

Court of Appeals of Indiana.

March 4, 2004.

John Thomas Sees, Huntington, IN, Appellant pro se.

Martin E. Seifert, Lori W. Jansen, Haller & Colvin, P.C., Fort Wayne, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant John Thomas Sees appeals from the entry of summary judgment in favor of appellee-plaintiff Bank One, Indiana (Bank One), arguing that the trial court erred because he presented sufficient evidence to create a genuine issue of material fact. Specifically, Sees argues that the evidence shows that an agent of Bank One made an oral modification on which he relied in connection with his becoming a guarantor on a loan made by Bank One to Sees Equipment & Supply Company (Sees Equipment). Sees also claims that Bank One committed fraud when it induced him to become a guarantor. Alternatively, Sees contends that the admission on the part of Bank One's agent that a contract exists or the doctrine of partial performance operate to remove the bar posed by a statute of frauds, thus entitling him to summary judgment. Concluding that the Indiana Lender Liability Act (ILLA) bars a defense of oral modification and fraud and that Sees failed to raise a genuine issue of material fact with respect to fraud, we affirm.

## FACTS

The facts most favorable to Sees, the non-moving party, reveal that on August 10, 1995, Sees and Robert Sees (Robert), as officers of Sees Equipment, executed a note in favor of Bank One in the amount of $500,000. At the same meeting, Sees executed an "Unlimited Continuing Guarantee," guaranteeing the full payment of all debt owed by Sees Equipment. Appellant's App. p. 28.

Sees Equipment was sold to AMSCO, LLC, and AMSCO was supposed to pay off the Bank One note. AMSCO never transferred funds to Bank One and failed to make interest payments on the note.

Sees assisted Bank One in its efforts to obtain payment, but Bank One eventually filed a complaint against all parties involved, including Sees as guarantor, on December 21, 2000.

On October 22, 2001, Bank One filed its motion for summary judgment, arguing that no genuine issue of material fact remained as to Sees's liability as guarantor. In opposing Bank One's motion, Sees filed an affidavit stating that the guarantor contract that he signed was orally modified by Kevin Patrick, an agent of Bank One. Sees claimed that he only signed the guarantor agreement after Patrick stated that "the purpose of the guaranty was not to proceed against us personally, but only to provide leverage to guarantee our cooperation in the event of corporate default." Appellant's App. p. 78.

In responding to Sees's claims regarding Patrick's statements, Bank One noted that the final sentence of the guarantor agreement read as follows:

> These provisions shall not be deemed to have been modified in any respect or relinquished by the Bank or Guarantor, except by a written instrument executed by both of them.

Appellant's App. p. 64. Additionally, Bank One argued that Indiana Code section 26–2–9–4, the ILLA, required a signed writing to show that the guarantor agreement had been modified.

Sees filed his own cross-motion for summary judgment on February 14, 2003. On August 6, 2003, the trial court entered findings of fact and conclusions of law and granted summary judgment in favor of Bank One. Specifically, the trial court noted that the guarantor agreement provided that any modification of the agreement had to be in writing and signed by both parties.

Appellant's Br. p. 27.[1] Furthermore, the trial court found that Sees's claim regarding Patrick's statements was unsupported and violative of the "statute of frauds." Appellant's Br. p. 27. Sees now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

We first note that the party appealing from "a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous." *Severson v. Bd. of Tr. of Purdue Univ.*, 777 N.E.2d 1181, 1188 (Ind. Ct.App.2002). Summary judgment is appropriate only if the pleadings and designated evidence show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). "On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party." *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 909 (Ind.2001). Moreover, even though "the trial court entered findings of fact in its summary judgment order, those findings do not control us" on appeal. *Circuit City Stores, Inc. v. Am. Nat'l Ins. Co.*, 779 N.E.2d 62, 66 (Ind.Ct.App.2002).

### II. Sees's Defenses

#### A. Oral Modification and Fraud

■ Sees contends that he only signed the guarantor agreement after Patrick stated that "the purpose of the guaranty was not to proceed against us personally, but only to provide leverage to guarantee our cooperation in the event of corporate default." Appellant's App. p. 78. Thus, Sees asserts that the guarantor agreement

was orally modified. In a related argument, Sees contends that Kevin Patrick's actions amounted to fraud in the inducement because Sees would not have signed the guarantor agreement but for Patrick's statement.

Even though Sees claims that the ILLA does not forbid a party from using a claim of oral modification of a credit agreement or fraud in the inducement as an affirmative defense, we note that the ILLA clearly spells out the evidence necessary before a claim upon a credit agreement may be brought:

A debtor may bring an action upon a credit agreement only if the agreement:

(1) is in writing;

(2) sets forth all material terms and conditions of the credit agreement, including the loan amount, rate of interest, duration, and security; and

(3) is signed by the creditor and the debtor.

Ind.Code § 26–2–9–4. The statute defines a "debtor" as a "person who ... owes money to a creditor." I.C. § 26–2–9–3. Furthermore, the statute defines "credit agreement" as "an agreement to ... lend or forbear repayment of money." I.C. § 26–2–9–1. Thus, the loan made to Sees Equipment certainly qualifies as a "credit agreement." By agreeing to become a guarantor, Sees promised to "assume liability for the debts of another upon default." *Pollas v. Hardware Wholesalers, Inc.*, 663 N.E.2d 1188, 1190 (Ind.Ct.App. 1996). If the primary debtor "defaults, the guarantor becomes the debtor." *Id.* Thus, Sees became the debtor upon AMSCO's default. Bank One notes that Sees—the debtor—has failed to meet even

---

1. Though the trial court did not specifically address the ILLA in its order-it simply stated that Sees's defense violated "the Statute of Frauds"-we note that the parties argued the ILLA's applicability at both the trial court level and on appeal. Thus, we assume this is the "statute of frauds" to which the trial court's order refers. Appellant's Br. p. 27.

one of the requirements imposed by Indiana Code section 26–2–9–4 and, thus, his claim must fail.

Sees counters that he is not attempting to "bring an action upon" the guarantor agreement but instead is seeking to interpose an affirmative defense of modification or fraud in the inducement. Appellant's Br. p. 17. Sees cites cases from foreign jurisdictions holding that even when a statute like the ILLA exists, defenses based upon an oral credit agreement may proceed. as long as such defenses are not expressly barred by the statute. *See Maynard v. Central Nat'l Bank,* 640 So.2d 1212, 1214 (Fla.Ct.App.1994) (holding that statute regarding credit agreements "does not prevent a debtor from asserting affirmative defenses based upon an oral agreement"); *Hibernia Nat'l Bank v. Contractor's Equip. & Supply, Inc.,* 804 So.2d 760, 763 (La.Ct.App.2001) (holding that statute regarding credit agreements did not preclude defendant from presenting evidence of a side agreement in order to show that she had not agreed to guarantee a second loan).

Sees's argument, however, was rejected in *Wabash Grain, Inc. v. Bank One, Crawfordsville, N.A.,* 713 N.E.2d 323 (Ind.Ct. App.1999). In *Wabash,* Bank One sued Wabash because the latter had defaulted on repayment of a $260,000 loan. Wabash countered that Bank One had orally agreed to extend the repayment schedule for seven years. Wabash put forth theories of promissory estoppel, fraud, and breach of an oral agreement. On appeal from summary judgment in favor of Bank One, we noted:

> [R]egardless of whether the present cause of action is labeled as a breach of contract, misrepresentation, fraud, deceit, promissory estoppel, its substance is that of an action upon an agreement by a bank to loan money.

. . .

> [A] claim of estoppel or fraud will not operate to remove a case from a Statute of Frauds where the promise relied upon is the very promise that the Statute declares unenforceable if not in writing.

. . .

> Were this not the rule the statute would be rendered virtually meaningless because the frustrated claimant would always assert an oral promise/agreement to defeat by means of estoppel the statute's requirement for a written one. The contest would then concern the credibility of the evidence of an oral promise of agreement. That of course, is precisely what the statute seeks to avoid.

*Id.* at 326 (quoting *Ohio Valley Plastics v. Nat'l City Bank,* 687 N.E.2d 260 (Ind.Ct. App.1997)). We then held that the ILLA "applies to defensive claims of promissory estoppel or waiver." *Id.*

Given that Sees is essentially attempting to argue the same claims as those put forward by the defendant in *Wabash,* we must come to the same conclusion. Thus, Sees's arguments regarding fraud in the inducement and oral modification must fail.

### B. Admission of Oral Agreement and Partial Performance

■ Sees next maintains that Bank One cannot assert a statutory defense if "there is particularly compelling evidence of a contract's existence." Appellant's Br. p. 13–14 (quoting *Consolidation Services, Inc. v. KeyBank,* 185 F.3d 817, 821 (7th Cir.1999)). Moreover, Sees argues that the doctrine of partial performance "will remove oral representations and agreements from the statute of frauds." Appellant's Br. p. 14.

■ We note that Sees did not raise these claims at the trial court stage, either

in his answer or pleadings opposing Bank One's motion for summary judgment. "A party generally waives appellate review of an issue or argument unless the party raised that issue or argument before the trial court." *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC.*, 764 N.E.2d 647, 652 (Ind.Ct.App.2002). Because Sees failed to present these defenses to the trial court, they are waived.

### III. Sees's Motion for Summary Judgment

■ Sees also claims that the trial court erred in not entering summary judgment for him because there is no question but that Bank One committed fraud against him. Specifically, Sees notes that Kevin Patrick induced him into signing the guarantor agreement with a promise that Bank One would not seek recovery from him personally. Appellant's Br. p. 21.

As we noted in Part II–A of our opinion:

[R]egardless of whether the present cause of action is labeled as a breach of contract, misrepresentation, fraud, deceit, promissory estoppel, its substance is that of an action upon an agreement by a bank to loan money.

*Ohio Valley Plastics*, 687 N.E.2d at 260. As stated before, this action regards a credit agreement. Pursuant to the ILLA, a writing "signed by the creditor and the debtor" that sets forth all the "material terms and conditions of the credit agreement" is necessary before one can bring an action against a lender. I.C. § 26–2–9–4. Sees never claimed to have a writing containing the terms he claims were discussed with Kevin Patrick, and he never introduced such a writing. Thus, the ILLA bars his claim of fraud in the inducement, and Sees's motion for summary judgment was appropriately denied.

### CONCLUSION

In light of the issues discussed, we conclude that the ILLA barred Sees's claims of oral modification and fraud. Furthermore, because Sees did not allege before the trial court that Bank One had admitted to the existence of an oral agreement or that the agreement had been partially performed, such defenses were waived. Finally, because the ILLA barred Sees's fraud claim, Sees's summary judgment motion was appropriately denied.

The judgment of the trial court is affirmed.

NAJAM, J., and MAY, J., concur.