## WILSON & HUNTING, APPELLANTS, VS. C. B. McCLENNY, APPELLEE.

### CONTRACTS—VARIANCE OF BY PAROL.

The rule that prevents any written contract from being altered or varied by parol proof of another or materially variant verbal contract or agreement made at the same time, does not prohibit the establishment by parol of a *subsequent* contract that alters, modifies or changes the former existing written agreement between the parties.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*Fleming & Daniel* for Appellants.

*John E. Hartridge* for Appellee.

TAYLOR, J.:

The appellee sued the appellants in debt to recover a balance of $1500.00 due upon a contract under seal for taking up and loading upon cars at an agreed point the rails, spikes and fish-bar connections of a railroad of the appellants used in transporting logs for milling purposes. The cause was referred to and tried before a referee and resulted in a judgment for the appellee (plaintiff), in the sum of $1500.00, and from this judgment the defendants have appealed. There was no controversy as to the contract upon which the suit was brought. nor as to the balance claimed to be due thereon, but the defendants, Wilson & Hunting, interposed a plea of set-off thereto, exhibiting as such set-off a promissory note for $1500.00 made by the plaintiff payable to the defendants or or-

der sixty days after its date. The plaintiff did not dispute the correctness or validity of this note, but alleged, by way of replication to the defendants' plea of set-off thereof, that at the time he gave it to the defendants it was mutually agreed between them that the defendants were to accept and take the timber standing on a body of land for which a part of the money raised from said note was used in purchasing, and to surrender to the plaintiff the said note, and that subsequently to the making of said note the defendants reaffirmed and again agreed to surrender said note to the plaintiff whenever the plaintiff executed a bill of sale of said timber with license to enter and cut the same, and that prior to the institution of his suit he had tendered to defendants a bill of sale for said timber, and had at all times been willing and is now willing to execute and deliver such bill of sale, and tenders the same with his said replication.

To this replication of the plaintiff's, as the same was originally filed, the defendants interposed a demurrer upon various grounds, as follows:

1st. Because the replication was uncertain in that it did not describe the lands upon which stood the timber mentioned therein.

2nd. Because it did not allege that the title to said land was in the plaintiff or that he had the right to sell the timber thereon.

3rd. Because standing timber is a part of the realty and until severed therefrom is not the subject of sale.

4th. Because the replication is uncertain and evasive, and for other reasons is insufficient to be replied to.

5th. Because it seeks to change the terms of a written contract by fraud.

Upon the interposition of this demurrer the plaintiff admitted the same by filing an amended replication in terms the same as the original, except that it described the lands upon which the timber stood that it alleged the defendants agreed to take bill of sale to in payment of and for a surrender of said note of the plaintiff's. Upon the filing of this amended replication the defendants at once joined issue thereon and upon the issues thus made the cause was tried with the result heretofore stated.

The errors assigned are:

1st. That the court erred in receiving and admitting in evidence certain documentary and other evidence offered on behalf of the plaintiff.

2nd. In refusing to admit evidence offered on behalf of the defendants.

3rd. The court erred in its findings of the law.

4th. There was error in rendering judgment in favor of plaintiff against defendants.

As to the first assignment of error above, it is too general, and is faulty in not specifying particularly the objectionable evidence therein alleged to have been improperly admitted, but we find in the record only one objection made by the defendants to the introduction of any evidence on behalf of the plaintiff, and that was to the introduction of a bill of sale or deed made by McClenny to the defendants to the standing timber on the lands as set forth in the plaintiff's replication to the plea of set-off. No specific ground of objection thereto is stated in the record—only a bald objection, which, from the record, seems to have been made after the paper was offered and admitted in evidence. And in the brief filed here no specific objection is urged to same, except that it is contended that it was not proved that it had ever been tendered by the plaintiff

to the defendants prior to its introduction in evidence. The replication of the plaintiff to the defendants' plea of set-off, upon which the defendants joined issue of fact, not only alleges that the plaintiff had all along been ready and willing to execute and deliver such deed or bill of sale, but makes *present tender* of such bill of sale or deed. With the issue thus presented *and joined*, there was no error in admitting the bill of sale, as it pointedly sustained the allegation of the plaintiff's readiness and willingness at all times to execute and deliver same, but made good his present tender thereof.

As to the second assignment above, it is entirely too general to be considered; and, besides, it has been abandoned here, since nothing is urged in the briefs applicable thereto.

The third assignment is included in the fourth, that presents the question as to whether, under the pleadings and proofs, the referee erred in rendering judgment for the plaintiff. The pleadings upon which the issues were joined and tried present to us an issue of fact; and, in their brief, the main effort of the defendants is to convict the referee of error in his findings upon the *facts* adduced in support and rebuttal of such replication. Upon these facts, without rehearsing them here, we think, with the referee, that, although there is conflict between the statements of the witnesses, the preponderance of the evidence sustains the material allegations of the plaintiff's replication to the defendants' plea of set-off by which they sought to defeat the recovery of their acknowledged indebtedness. As to the point made here that it was not permissible to vary the terms of a written contract by parol testimony by showing that the promissory note plead in set-off was payable in timber when upon its

face it was payable in dollars, the contention of the appellants is true to this extent, that it is not permissible to change the terms of a written contract by parol proof of any different or materially variant contract or agreement *made at the time of or simultaneously* with the *making* of the contract sought to be varied; but this rule does not prohibit the establishment by parol of a *subsequent* contract that alters, modifies or changes the former existing agreement between the parties. The replication of the plaintiff to the defendants' plea of set-off, while it does allege that it was understood and agreed *at the time the note*, plead in set-off, *was made* that it was to be paid in timber, contains also an averment that *subsequently* to the making of such note the defendants, payees therein, again agreed to take the bill of sale to said timber in cancellation and payment thereof, and we think that the proofs sustain the substance of this latter averment, although the proofs do not sustain the date alleged on which such subsequent agreement was made.

Upon the issues as made by the pleadings, and upon the proofs, we find no error in the judgment and findings of the referee, and it is, therefore, affirmed.