ROBERTS, Justice.
The appellee, plaintiff below, filed suit in the lower court on two promissory notes, each in the amount of $2,500, executed by the defendant and made payable to the plaintiff. The defendant, appellant here, filed his answer in which he denied that he had borrowed any money from the plaintiff and related certain facts concerning a partnership between the parties, which need not be recounted at this time. The sufficiency of the answer was not attacked in the lower court, so far as this record shows. The discovery deposition of the defendant was then taken, at the instance of the plaintiff, on November 12, 1954, and on that same date a pre-trial conference was held and a “Memorandum of Pretrial Conference” was entered by the trial judge in which he “adjudged” that the defense sought to be interposed in the answer of the defendant constituted an attempt-to vary the terms of the promissory notes by a parol agreement; that “summary judgment is entered against the defendant”; and that “final judgment will be entered upon due notice to the parties.”
The defendant then moved to set aside the “summary judgment” (for which no motion had ever been filed by plaintiff, so far as the record shows) and also filed a motion for leave to file an amended answer and counterclaim. These motions were denied on the same ground as stated in the “Memorandum of Pretrial Conference”, referred to above, and final judgment was entered for plaintiff in the amount of the notes, with interest and costs. The defendant has appealed.
The defense sought to be interposed by the defendant in his amended answer was, in effect, that the $5,000 represented by the notes sued upon was, in reality, an investment by the plaintiff in a partnership business to operate a liquor establishment; that defendant, who owned a liquor license, *354 advanced to the partnership all of the stock, some of the fixtures, the liquor license, and the good will of a liquor establishment theretofore operated by the defendant, and the $5,000 was contributed by the plaintiff; that plaintiff was not a registered voter in Connecticut, the place where the note was executed and the partnership business was located, so that he could not legally be shown as a partner in such business; that the notes in the total amount of $5,000 were executed by defendant at plaintiff’s request in order to evidence plaintiff’s interest in the partnership until such time as he could be shown as a partner in the business; that the plaintiff was later officially listed as a partner with defendant in the business; and that “the notes became null and void and of no effect as now plaintiff was a partner and his interest was represented by his having a one-half share in said business.”
We think that the above allegations were sufficient to make out a case under Section 674.18, Fla.Stat.1953, F.S.A., that, as between the immediate parties, “the delivery [of a promissory note] may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. * * and within the rule stated in Tharp v. Kitchell, 151 Fla.226, 9 So.2d 457, 460, as follows:
“Parol evidence is admissible, as between the parties, to show that a negotiable note was not to become binding, except upon the happening of a certain event in the future. Such evidence does not vary the terms of a written instrument but tends to establish the fact that the note as between the parties never became a fixed and binding obligation because the event in the future contemplated by the parties failed to happen or occur.”
We find nothing in the deposition of the defendant inconsistent with the allegations of his amended answer, and we think he should have been allowed to prove, if he could, before a jury the defense alleged in his amended answer.
For the reasons stated, the judgment appealed from should be and it is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.
DREW C. J., and TERRELL and SE-BRIN'G, JJ., concur.