HOBSON, Judge.
This is a timely appeal from a summary final judgment entered for the plaintiff-appellee, United Benefit Fire Insurance Company of Omaha', Nebraska, and against defendant-appellant, Robert W. Evans, in the amount of $174,199.44. The parties will be referred to as they appeared in the lower court.
The plaintiff filed its complaint alleging that the defendant on or about June 23, 1961, for a valuable consideration, gave the plaintiff a promissory note in the principal sum of $174,020.12 payable to plaintiff on or before June 23, 1963. Plaintiff further alleged that the promissory note referred to an agreement executed by the parties, which agreement provided for the increase or decrease of the principal amount of the said note to the amount actually paid by the plaintiff on bond obligations which it had incurred as a surety on various construction payment ’ and performance bonds. The agreement also provided for .certain stocks to be delivered to the plaintiff by the defendant and held as collateral security for the payment of the promissory note. The complaint further alleged that the defendant, had defaulted on the payment of the note and that said note was past due and payable and by the terms of said note plaintiff was entitled to a reasonable fe.e for the services of its attorney.
The defendant filed his answer admitting certain allegations and filing a general denial.to others. He also filed affirmative defenses together with a counterclaim alleging . .that in addition to the promissory note and agreement mentioned in the complaint there was a letter agreement entered into by the parties on the same day as the note and agreement sued upon which provided in part as follows:
“It is further agreed that United Benefit Fire Insurance Company will within *88 twenty days deliver to Robert W. Evans the original chattel mortgage of Mills Pipeline, Inc. in the amount of approximately $115,000.00 which was assigned to St. Petersburg Bank and Trust Company and execute an assignment free and clear of any encumbrances whatsoever, without recourse.”
The defendant further alleged that the plaintiff had not complied with the above quoted paragraph and that it was in reliance upon this representation made by the plaintiff that he executed the note and agreement referred to in the complaint.
At this stage of the proceedings the plaintiff filed its motion for summary judgment with an accompanying affidavit which in effect stated that the defendant was in default under the promissory note in an amount arrived upon under the terms of the agreement referred to in said promissory note. The defendant filed his affidavit in opposition to the motion for summary judgment wherein he stated that he would not have entered into the note and agreement referred to therein had not the plaintiff assured him, as was agreed to by the quoted paragraph above, that the plaintiff would deliver the chattel mortgage and note within 20 days from June 23, 1961.
In effect the defendant’s position as made by his answer, counterclaim and affidavit is that the note was not to become binding until the plaintiff delivered the original chattel mortgage and underlying note referred to in the letter agreement. ■
The plaintiff counters with the argument that the letter agreement referred only to the chattel mortgage and not the underlying note; that even though the plaintiff did not deliver the chattel mortgage within the 20 days, it attempted to but that the defendant’s attorney would not accept it without the underlying note. To this the defendant replies that it was the understanding of both parties that the delivery of the chattel mortgage was to include the underlying note and that without said note the delivery of the chattel mortgage would be a nullity.
To summarize the respective positions of the parties, the plaintiff contends it has complied with the letter agreement in that it only required the plaintiff to deliver the chattel mortgage. The defendant contends that both parties understood that notwithstanding the wording of the letter agreement the plaintiff was to deliver the underlying note along with the original chattel mortgage and until this was done the note was not to become binding upon the defendant. This being so, the defendant contends that he may prove by parol evidence that the parties contemplated the delivery of the underlying note as well as the original mortgage.
In the case of Tharp v. Kitchell, 1942, 151 Fla. 226, 9 So.2d 457, on page 460, it was held as follows:
“Parol evidence is admissible, as between the parties, to show that a negotiable note was not to become binding, except upon the happening of a certain event in the future. Such evidence does not vary the terms of a written instrument but tends to establish the fact that the note as between the parties never became a fixed and binding obligation because the event in the future contemplated by the parties failed to happen or occur. * * *"
See also Bassato v. Denicola, Fla.1965, 80 So.2d 353, and Coleman v. Brooks, Fla.App.1959, 113 So.2d 590. It is clear from the above cited cases that the defendant herein was entitled to resort to parol evidence in an attempt to prove that the note was not to become binding upon him until the plaintiff delivered to him both the original chattel mortgage and the underlying note.
The defendant’s position was properly before the lower court through his answer, counterclaim and affidavit in opposition to summary judgment. This *89 ■created an issue of a material fact which -under the law on summary final judgments, ■which needs no reiteration here, precluded the entry of the summary final judgment herein.
For the reasons stated above the sum-, mary final judgment is reversed and the •cause remanded for further proceedings.
SHANNON, Acting C. J., and MOODY, JAMES S., Associate Judge, concur.