PER CURIAM.
The appellant has appealed from a summary judgment entered by the trial court in which the judge held as follows:
“a. A promissory note in the amount of $50,000.00 was executed and delivered by Defendant to Plaintiff.
“b. Said note was supported by adequate consideration.
“c. There were no conditions associated with the delivery of the note.
“d. Plaintiff made proper demand for payment of said note and Defendant failed to make said payment.
and that the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact, and that BETTY S. PARRISH, Plaintiff, is entitled to a judgment as a matter of law.”
We cannot agree with this holding. The* record shows that a genuine issue existed as to the material fact of whether conditions were attached to delivery of the note; and further, if such conditions existed, whether they had occurred so as to make the note presently payable. This issue- is clearly raised by the appellant’s answer, his deposition, and his sworn affidavit. Parol evidence is admissible to show conditions which may have been attached to a promissory note by the parties thereto. Tharp v. Kitchell, 151 Fla. 226, 9 So.2d 457; Evans v. United Benefit Fire Insurance Company of Omaha, Nebraska, Fla.App. 1966, 192 So.2d 87.
Since a genuine issue of material fact has been demonstrated to exist, the summary judgment is hereby reversed, and the cause remanded for further proceedings.
Reversed and remanded.