362 So.2d 451 (1978)
Stuart VORZIMER and Nedda Vorzimer, His Wife, Appellants,
v.
Sam S. KAPLAN, Appellee.
No. 77-2150.
District Court of Appeal of Florida, Third District.
September 12, 1978.
*452 Williams, Salomon, Kanner, Damian, Weissler & Brooks and Gary S. Brooks, Miami, for appellants.
Steel, Hector & Davis and Henry J. Whelchel, Miami, for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
PEARSON, Judge.
The appellants, Stuart Vorzimer and Nedda Vorzimer, his wife, are the owners of a residence. They appeal a final judgment of foreclosure which found that the plaintiff, Sam S. Kaplan, a builder, was entitled to a mechanic's lien for overage above the written contract under which the defendants' residence was constructed.[1]
*453 On this appeal, the defendants present three points. The first urges that the circuit judge applied a mistaken principle of law in holding that a written contract could be modified by oral agreements reached prior to execution of the written instrument. The second urges that the trial court erred in relying upon a deposition which was not introduced into evidence. The third urges that because the builder was seeking only to recover "profits," he could not maintain a statutory mechanic's lien.
We reverse and direct a new trial upon a holding that the trial court made contradictory findings in its final judgment and that the evidence does not support the judgment entered in that there is no correlation between the changes allegedly made after the execution of the contract and the amount for which the lien was allowed.
Initially, confusion was created in this case by the fact that the trial judge refused to admit into evidence the deposition of one of the parties, Nedda Vorzimer. The deposition was clearly admissible in evidence under Fla.R.Civ. P. 1.330(a)(2). Thereafter, the trial judge allowed the use of the deposition in oral argument and it is apparent from the judgment that he relied thereon. While the trial judge's action would ordinarily be considered harmless error, it cannot be so considered in this case inasmuch as it prevented the defendants from having an opportunity to explain or to counteract the evidence relied upon by the trial judge. See the principle of law in Ruff v. Georgia S. & F. Ry. Co., 67 Fla. 224, 64 So. 782, 785 (1914).
The ordinary rule applied in attempts to change a written instrument providing for a flat fee for certain services is that the terms of a valid, written contract cannot be varied by a verbal agreement where such an agreement was made before or at the time of the instrument in question. Such agreements are considered as waived or merged into the written contract. See Prescott v. Mutual Ben. Health & Accident Ass'n., 133 Fla. 510, 183 So. 311 (1938). It is not clear from this record what changes, if any, in the contract were made by its modification subsequent to its execution. In our view, the record is altogether too vague to satisfy the rule that in order to establish parol changes in a written contract, the evidence must show a new "meeting of the minds" of the contracting parties. Cf. Tropicana Pools, Inc. v. Boysen, 296 So.2d 104 (Fla. 1st D.C.A. 1974).
In view of the state of this record, we think that the greater justice to the parties will be gained by a new trial. Therefore, the judgment is reversed and the cause remanded for a new trial in the light of the principles herein set forth.
Reversed and remanded.
NOTES
[1] "(5) During the course of completion of the contract, the Plaintiff and Defendants agreed to make certain changes in the types of material which were originally scheduled to be used in the property. These changes resulted in both increases and decreases in the basic contract price.

"(6) The reasonable value of the labor and materials actually furnished to construct the residence is $106,745.00.
"(7) The Defendants have actually paid to the Plaintiff the sum of $97,000.00.
"(8) The Court finds that demand upon the Defendants has been made for payment of the balance of $9,745.00 due on the contract, but that the Defendants have refused to make said payment."