573 So.2d 409 (1991)
THE RACE, INC., a Florida Corporation, Appellant,
v.
LAKE & RIVER RECREATIONAL PROPERTIES, INC., Etc., Appellee.
No. 90-1333.
District Court of Appeal of Florida, First District.
January 23, 1991.
Rita G. Hawkins, Panama City, for appellant.
Timothy F. Stanton, of Hutto, Nabors, Bodiford and Warner, Panama City, for appellee.
ERVIN, Judge.
Appellant, The Race, Inc., appeals from a final summary judgment entered in an action for damages on a mortgage note. Because appellee, Lake & River Recreational Properties, Inc., failed to meet its burden in refuting certain affirmative defenses raised by appellant, we conclude that genuine issues of material fact remained unresolved, and therefore reverse the summary judgment and remand the case for further proceedings.
Appellee, the seller-mortgagee of certain real property which is the subject of this action, filed a two-count complaint, alleging that appellant, the purchaser-mortgagor, had defaulted in making payments pursuant to the terms of the note. Appellee sought damages caused by the breach under count one of the complaint, and foreclosure under count two. Appellant denied the default, and stated as an affirmative defense that appellee had promised as part of the sales agreement that an access road *410 would be provided and maintained, that septic tank permits were available and would be obtained, that a common-area boat ramp would be installed, and that the property was usable for single-family dwellings, but that appellee had not performed the aforementioned items, therefore there had been a failure of consideration. Appellant also filed a two-count counterclaim seeking rescission and damages, which alleged part payment of $5,000 made to an officer of appellee.
Appellee subsequently moved for summary judgment on count one of the complaint. In support of that motion, appellee submitted its president's affidavit which asserted the making of the promissory note and appellant's alleged default thereunder. In opposition thereto, appellant submitted an affidavit which reasserted the affirmative defenses of lack of consideration and part payment. The hearing on the motion was held via telephone conference call, for which no record exists. Letter memoranda expressing the parties' respective positions were thereafter submitted. The court, without expressing its reasoning, then entered a final summary judgment in favor of appellee.
It is well established that in order for a plaintiff to obtain a summary judgment when the defendant has asserted affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish their legal insufficiency. Howdeshell v. First Nat'l Bank of Clearwater, 369 So.2d 432, 433 (Fla. 2d DCA 1979). Accord Proprietors Ins. Co. v. Siegel, 410 So.2d 993, 995 (Fla. 3d DCA 1982). Thus, summary judgment is appropriate only where each affirmative defense has been conclusively refuted on the record. Pandol Bros. v. NCNB Nat'l Bank of Fla., 450 So.2d 592, 594 (Fla. 4th DCA 1984). In the instant case, neither appellee's affidavit submitted in support of its motion, nor its letter memorandum submitted following the hearing conclusively refute appellant's affirmative defenses of lack of consideration and part payment.
In support of the final summary judgment, appellee argues that appellant's pleadings and affidavits are legally insufficient to create a genuine issue of fact, because appellant's affidavit had alleged oral representations not found in any of the writings, which altered the terms of the note, contrary to the parol evidence rule. In response to appellant's affidavit specifically reciting that payments had been made to an officer of appellee corporation, appellee contends that such averments are legally insufficient to create a genuine issue of material fact because the mortgage note clearly provided a particular place for payment, and appellant's affidavit showed payment was made at a different place. Therefore, extrinsic agreement as to the mode of payment is ineffective when the parties have expressly dealt with the mode of payment in the instrument. Additionally, appellee argues that the merger rule operates to negate the alleged oral representations urged by appellant because all preliminary agreements and understandings relative to the sale of land merged into the deed of conveyance. Finally, appellee argues that an additional reason it was not subject to the defenses raised is that it was a holder in due course and as such took the instrument for value, in good faith, and without notice of any defenses.
The difficulty that we have with much of appellee's arguments is that we have no record of the telephone conference which served as a hearing on appellee's motion for summary judgment. Although appellee's letter memorandum suggests that the merger argument may have been raised below, appellee's other arguments regarding the parol evidence rule, the admission of extrinsic evidence as to mode of payment, and its status as a holder in due course, appear to be argued for the first time on appeal. Consequently, it is impossible for this court to determine whether appellant's defenses are legally insufficient for any of the reasons appellee asserted.
For instance, the parol evidence rule is of course directed against verbal agreements between the parties to a written contract, made before or at the time of the execution of the contract, but it does not *411 prohibit the admission of a subsequent oral agreement that alters, modifies, or changes the former existing agreement between the parties. Wilson v. McClenny, 32 Fla. 363, 13 So. 873 (1893); Vorzimer v. Kaplan, 362 So.2d 451 (Fla. 3d DCA 1978). And the parol evidence rule has been specifically held to be inapplicable to oral agreements made subsequent to the execution of a promissory note, as between the parties to the note, in regard to the defense  such as that asserted here  of failure of consideration. See Wagner v. Bonucelli, 239 So.2d 619, 620 (Fla. 4th DCA 1970). Consequently, if the oral modifications appellant allegedly made were not made before or contemporaneously with the written contract, the parol evidence rule would not preclude the admission of such extrinsic evidence.
Additionally, parol evidence is admissible between the parties to a written contract to show that a negotiable note is not to become binding except upon the happening of a certain event in the future, for the purpose of establishing the fact that the note never became a fixed and binding obligation because the contemplated event failed to occur. See Bassato v. Denicola, 80 So.2d 353 (Fla. 1955); Beach Keys, Inc. v. Girvin, 213 So.2d 314, 316 (Fla. 1st DCA 1968) (summary judgment reversed on a record showing that defendants-mortgagors alleged that they had entered into an oral contract with the mortgagees, agreeing that the mortgage was not to become effective until the plaintiff had performed certain conditions, such as putting a road through the defendant's property and giving to the defendant canal and water access through other adjoining property). Thus, the rule is clear that parol evidence is admissible to show conditions that may have been added to a written instrument by the parties thereto. Tharp v. Kitchell, 151 Fla. 226, 9 So.2d 457 (1942); Thomson v. Parrish, 221 So.2d 770 (Fla. 3d DCA 1969).
Because we have no way of knowing from the record before us whether the mortgagor's oral modifications were made following the execution of the written contract, or were contemplated to make the contract conditional upon their performance, the summary judgment is REVERSED and the case REMANDED for further proceedings.
BARFIELD, concurs.
BOOTH, specially concurs with written opinion.
BOOTH, Judge, specially concurring.
I concur in the result of this opinion.