889 So.2d 961 (2004)
TU-LANE INVESTMENTS, INC., a Florida corporation, Appellant,
v.
Gerald ORR and Gail Orr, his wife, Appellees.
No. 1D04-1739.
District Court of Appeal of Florida, First District.
December 20, 2004.
*962 C. Holt Smith, III, Law Offices of C. Holt Smith, III, Jacksonville, for Appellant.
S. Perry Penland, Jr., S. Perry Penland, P.A., Jacksonville, for Appellees.
WEBSTER, J.
Appellant seeks review of a partial summary judgment in a personal injury action which held that, as a matter of law, it was not entitled to workers' compensation immunity. Although nonfinal, the order is appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v). Martin Elecs., Inc. v. Jones, 877 So.2d 765 (Fla. 1st DCA 2004). Because an unresolved issue of material fact remains, we reverse and remand for further proceedings.
Appellee Gerald Orr was injured while working on appellant's premises. At the time, Orr was employed by CORE Employer Services, LLC, an employee leasing company which had leased Orr to appellant pursuant to an employee leasing agreement. According to that agreement, appellant was to pay a periodic fee to CORE, which was responsible for paying Orr's wages and all other employment costs, including workers' compensation coverage. Orr received workers' compensation benefits from CORE until it went out of business.
Because Orr did not receive the full amount of workers' compensation benefits to which he was entitled, he and his wife filed a personal injury action against appellant for uncompensated damages they suffered as a result of the accident. Appellant raised as an affirmative defense that it was entitled to workers' compensation immunity, and subsequently moved for summary judgment on that ground. Appellees filed a cross-motion for partial summary judgment, arguing that appellant was not entitled to workers' compensation immunity because Orr did not receive his full workers' compensation benefits. Agreeing with appellees, the trial court denied appellant's motion and granted appellees' motion. This appeal follows.
*963 To obtain a summary judgment when the defendant has raised an affirmative defense, the plaintiff must either disprove the defense or establish its legal insufficiency. The Race, Inc. v. Lake & River Recreational Props., Inc., 573 So.2d 409, 410 (Fla. 1st DCA 1991). Summary judgment is appropriate only if the affirmative defense has been conclusively refuted. Id. Thus, to obtain a partial summary judgment, the burden was on appellees to disprove appellant's affirmative defense of workers' compensation immunity.
Appellant's affirmative defense of workers' compensation immunity is governed by two different statutes. Pursuant to section 440.11(2), Florida Statutes (2002), workers' compensation immunity extends to an employer who uses the employees of a "help supply services company." Such employees are considered borrowed employees of the employer, who is liable for securing the payment of workers' compensation unless such payment has been secured by the help supply services company. Id. The definition of "help supply services company" includes "employee leasing company." Caramico v. Artcraft Indus., Inc., 727 So.2d 348, 349 (Fla. 5th DCA 1999); Maxson Constr. Co. v. Welch, 720 So.2d 588, 590 (Fla. 2d DCA 1998). Pursuant to section 468.529(1), Florida Statutes (2002), "[a] licensed employee leasing company is the employer of the leased employees... and shall be responsible for providing workers' compensation coverage pursuant to chapter 440." To be licensed, an employee leasing company must file with the Board of Employee Leasing Companies "evidence of workers' compensation coverage for all leased employees in this state." § 468.529(2), Fla. Stat. (2002).
The issue to be resolved is whether CORE secured workers' compensation coverage for Orr. Section 440.38, Florida Statutes (2002), sets out a number of means by which an employer may secure workers' compensation coverage, including self-insurance if certain statutory requirements are satisfied. The parties appear to agree that CORE "self-funded" its workers' compensation claims. However, there is nothing in the record which conclusively demonstrates either that CORE was a self-insurer for workers' compensation purposes or that it had otherwise secured compensation in compliance with section 440.38.
If CORE did secure compensation in compliance with section 440.38, Orr was the employee of a licensed employee leasing company (CORE) pursuant to section 468.529, and appellant would have workers' compensation immunity pursuant to section 440.11(2). If CORE was a self-insurer for purposes of section 440.38, Orr could still seek to recover unpaid workers' compensation benefits from the Florida Self-Insurers Guaranty Association pursuant to sections 440.385 and 440.386, Florida Statutes (2002). However, if CORE did not secure compensation in compliance with section 440.38, Orr was not the employee of a licensed employee leasing company but, rather, the borrowed employee of appellant by virtue of section 440.11(2). In the latter case, because it appears undisputed that appellant never secured workers' compensation coverage for Orr, appellant would not be entitled to workers' compensation immunity. See § 440.11(1), Fla. Stat. (2002).
We reverse the partial summary judgment and remand for further proceedings on the issue of whether CORE secured workers' compensation coverage for Orr in compliance with section 440.38. If the evidence establishes that CORE secured such coverage, the trial court should enter summary judgment for appellant on the ground that appellant was entitled to *964 workers' compensation immunity as a matter of law. If the evidence establishes that CORE did not secure such coverage, the trial court should again hold that appellant is not entitled to workers' compensation immunity and allow appellees' action to proceed.
REVERSED and REMANDED, with directions.
WOLF, C.J. and HAWKES, J., concur.