915 So.2d 251 (2005)
Arturo PAVOLINI and Maria Rivera, Appellant,
v.
Winston WILLIAMS, et al., Appellee.
No. 5D05-1170.
District Court of Appeal of Florida, Fifth District.
December 2, 2005.
*252 Frederic Stanley, Jr., of Stanley, Dehlinger & Rascher, P.A., Altamonte Springs, for Appellant.
No Appearance for Appellee.
MONACO, J.
The appellants, Arturo Pavolini and Maria Rivera ("Borrowers"), seek reversal of the final summary judgment of foreclosure rendered against them by the trial court and in favor of the appellees, Winston Williams, et al. ("Lenders"). Because we conclude that the trial court erred in striking the affirmative defenses raised by the Borrowers, and because there were issues of fact that were not excluded by the Lenders at the time summary judgment was granted, we reverse.
Lenders loaned $72,000 to the Borrowers, secured by a mortgage on real property that was to become the home of the Borrowers. The amended complaint alleged that several mortgage payments, real estate taxes and insurance costs had not been paid, and that a $1,500 deposit had not been made, all of which were required of the Borrowers by the promissory note. The Borrowers alleged as affirmative defenses that the "course of dealing" between the parties explained the late payment of taxes and insurance, that the $1,500 deposit had been waived, and that the mortgage payments had been timely paid, but were returned by the Lenders without a legal basis. The Borrowers alleged, as well, that the Lenders were estopped to assert a breach because of the course of dealing of the parties, and that the Lenders had acted with unclean hands because of a fraud in the inducement. The fraud claim was also the basis of a counterclaim and third-party complaint[1] brought by the Borrowers because of a purported representation by the Lenders that the roof of the structure was in good condition, even though it had a history of leaks.
Lenders filed a verified motion for summary judgment in which they indicated that the Borrowers defaulted under the note and mortgage by failing to make certain mortgage payments, tax payments, and insurance reimbursements, and by failing to make the $1,500 deposit. The Lenders also filed a verified motion to strike the affirmative defenses of the Borrowers. The Lenders acknowledged in the motion that they had received tendered money orders for the mortgage payments, but related that they returned the payments *253 because they did not include late fees, or reimbursement for taxes or insurance. The legal argument concerning the affirmative defenses was essentially that there was no waiver or estoppel and that the Lenders denied that they acted with unclean hands. That's all.
The Borrowers each served an affidavit in opposition to the motion for summary judgment in which they swore that the monthly payments had been made, that the Lenders waived the $1,500, and that the parties had long-standing oral arrangements concerning the taxes and insurance. The affidavits also indicated that the Borrowers had by then paid all the insurance premiums and taxes required by the loan documents. Finally, the affidavits indicated that the Lenders had routinely accepted late payments from the Borrowers because the Borrowers are out of town for extended periods, and that the Lenders had given no notice of a change in policy in this respect.
The trial court entered an order striking the affirmative defenses without explanation, and granted a final judgment of foreclosure to the Lenders. From these orders the Borrowers appeal.
The standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is de novo. See Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001); Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). See also Fayad v. Clarendon Nat'l Ins. Co., 899 So.2d 1082, 1084 (Fla.2005).
In order to determine the propriety of a summary judgment entered by a trial court a reviewing court must first resolve whether there was a genuine issue as to any material fact and whether the moving party was entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). The moving party for summary judgment has the burden to prove conclusively the nonexistence of any genuine issue of material fact. The reviewing court will consider the evidence contained in the record, including any supporting affidavits in the light most favorable to the nonmoving party. If the slightest doubt exists, summary judgment must be reversed. See Mivan (Fla.), Inc. v. Metric Constructors, Inc., 857 So.2d 901, 902 (Fla. 5th DCA 2003); Krol v. City of Orlando, 778 So.2d 490, 491-92 (Fla. 5th DCA 2001). See also Horizons Rehab., Inc. v. Health Care and Ret. Corp., 810 So.2d 958 (Fla. 5th DCA), review denied, 832 So.2d 104 (Fla.2002).
In a somewhat analogous case, The Race, Inc. v. Lake & River Recreational Props., Inc., 573 So.2d 409 (Fla. 1st DCA 1991), the First District Court considered a summary judgment in favor of a seller in a case in which the buyer had filed affirmative defenses of lack of consideration and partial payment. The trial court there, as here, rendered the summary judgment without expressing a reason. In reversing, our sister court said as follows:
It is well established that in order for a plaintiff to obtain a summary judgment when the defendant has asserted affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish their legal insufficiency. [Cite omitted]. Thus, summary judgment is appropriate only where each affirmative defense has been conclusively refuted on the record. [Cite omitted]. In the instant case, neither [seller's] affidavit submitted in support of its motion, nor its letter memorandum submitted following the hearing conclusively refute [purchaser's] affirmative defenses of lack of consideration and part payment.
The Race, 573 So.2d at 410. Here, there are several factual issues arising out of the affirmative defenses that remain to be resolved. *254 The summary judgment against the Borrowers, therefore, should not have been rendered.
The same fate befalls the order striking the affirmative defenses. The parol evidence rule applies to verbal agreements between the parties to a written contract which are made before or at the time of execution of the contract. It does not apply to the admission of subsequent oral agreements that alter, modify, or change the former existing agreement between the parties. See Wilson v. McClenny, 32 Fla. 363, 13 So. 873 (1893), and Vorzimer v. Kaplan, 362 So.2d 451 (Fla. 3d DCA 1978). The First District noted in this connection:
And the parol evidence rule has been specifically held to be inapplicable to oral agreements made subsequent to the execution of a promissory note, as between the parties to the note, in regard to the defense  such as that asserted here  of failure of consideration. [Cite omitted]. Consequently, if the oral modifications [purchaser] allegedly made were not made before or contemporaneously with the written contract, the parol evidence rule would not preclude the admission of such extrinsic evidence.
The Race, 573 So.2d at 410.
Finally, while Section 687.0304(2), Florida Statutes (2005), provides that a debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor, It is clear that this statute does not apply to affirmative defenses. See Eboni Beauty Academy v. AmSouth Bank of Florida, 761 So.2d 481 (Fla. 5th DCA 2000). In Maynard v. Central National Bank, 640 So.2d 1212, 1213 (Fla. 5th DCA 1994), for example, this court held that while section 687.0304 would preclude a debtor from bringing a claim based on an oral credit agreement, it would not prevent a debtor from asserting affirmative defenses based on post-execution waiver, estoppel or bad faith. Generally, such defenses arising subsequent to the entry of the agreement are outside the operation of section 687.0304. Similarly, in Griffiths v. Barnett Bank of Naples, 603 So.2d 690, 692 (Fla. 2d DCA 1992), the Second District Court of Appeal recognized that estoppel, fraud and other available affirmative defenses may be asserted pursuant to Fla. R. Civ. P. 1.110(d), and are not barred by section 687.0304. The fact laden affirmative defenses pled by the Borrowers in the present case should not, therefore, have been stricken.
Accordingly, we reverse the final summary judgment and the order striking affirmative defenses, and remand for further proceedings.
REVERSED and REMANDED.
SAWAYA and PALMER, JJ., concur.
NOTES
[1] A third-party complaint was necessary because one of the Lenders assigned her interest in the mortgage and note to another Lender.