Donyeill **MELTON**; Sheila Melton, Plaintiffs,

v.

**SUNTRUST BANK**; Professional Foreclosure Corporation of Virginia, Defendants.

**Civil No. 2:11cv204.**

United States District Court, E.D. Virginia, Norfolk Division.

April 21, 2011.

Christian Robert Gunderson, Heath J. Thompson, Heath Thompson, P.C., Norfolk, VA, for Plaintiffs.

Mark Campbell Shuford, Matthew B. Chmiel, Kaufman & Canoles PC, Richmond, VA, Lindsey Corliss Neef Kelly, Shapiro & Burson LLP, Virginia Beach, VA, for Defendants.

### MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

On March 14, 2011, the plaintiffs filed a Complaint (the "Complaint") against the defendants in the Circuit Court of the City of Chesapeake, Virginia. The plaintiffs seek judgment against the defendants on two counts: breach of contract and negligent processing of the plaintiffs' mortgage modification application. The plaintiffs also seek a preliminary injunction preventing a foreclosure sale of their home.[1] On April 8, 2011, the defendants removed the action to this court pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, claiming that this court has subject matter jurisdiction under the federal question jurisdiction statute, 28 U.S.C. § 1331. The defendants assert that there is federal question jurisdiction because the plaintiffs' claims "arise under the Home Affordable Modification Program ("HAMP"), which is a federal program created pursuant to the Emergency Economic Stabilization Act, 12 U.S.C. § 5201 *et seq.*" Notice of Removal ¶ 2, ECF No. 1. The defendants assert that the plaintiffs' breach of contract and negligence claims "require resolution of significant disputed issues of federal law." *Id.*

"[Q]uestions concerning subject-matter jurisdiction may be raised at any time ... sua sponte by this court," *Plyler v. Moore*, 129 F.3d 728, 732 n. 6 (4th Cir.1997) (citations omitted), and here, there is a serious question whether the plaintiffs' state law claims "turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (citations omitted). Foremost, there is no count for a violation of HAMP. This is logical since "it is well established that there is no private cause of action under HAMP." *Singh v. Wells Fargo Bank*, No. 1:10cv1659, 2011 WL 66167, at *7 (E.D.Cal. Jan. 7 2011) (collecting cases); *see also Zeller v. Aurora Loan Servs., LLC*, No. 3:10cv00044, 2010 WL 3219134, at *1 (W.D.Va. Aug. 10, 2010). Accordingly, this case is not one of the "'vast majority' of cases where federal-question jurisdiction exists"—those in which "federal law creates the plaintiff's cause of action." *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir.1996) (citations omitted); *see also Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916).

---

1. The state court entered a sixty-day temporary injunction on March 15, 2011. See Ex. C, Notice of Removal, ECF No. 1–3.

Moreover, it is not apparent that this case is one of the "small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." *Ormet,* 98 F.3d at 806 (citations omitted). The Complaint does not demonstrate that the plaintiffs' state law claims "necessarily turn[ ] on some construction of federal law." *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (citations omitted); *see Harless v. CSX Hotels, Inc.,* 389 F.3d 444, 450 (4th Cir. 2004). The Complaint essentially alleges that SunTrust Bank solicited the plaintiffs to apply for a loan modification, the plaintiffs applied for such a modification, but SunTrust did not approve the application. HAMP appears to merely form part of the backdrop of an otherwise purely state law dispute. As the Supreme Court has admonished "it takes more than a federal element 'to open the arising under door.' " *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 701, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) (quoting *Grable,* 545 U.S. at 313, 125 S.Ct. 2363).

Federal courts are not bestowed with subject matter jurisdiction over ordinary state law claims merely because HAMP is an element of the dispute. *See, e.g., Preciado v. Ocwen Loan Serv.,* No. CV 11–1487, 2011 WL 977819, at *1 (C.D.Cal. Mar. 18, 2011); *Zeller,* 2010 WL 3219134, at *1–2. They are "courts of limited jurisdiction ... possess[ing] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). As such, the court must "presume[ ] that a cause lies outside this limited jurisdiction ... and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). There is a real question whether "[t]his case can[ ] be squeezed into the slim category" of cases in which a district court should hear a state law dispute because its resolution depends on an actually disputed and substantial federal question. *Empire,* 547 U.S. at 701, 126 S.Ct. 2121. Accordingly, the court **DIRECTS** the parties to advise the court further within ten (10) days of this Memorandum Order, if they so choose. Absent a showing that subject matter jurisdiction is proper, the court will remand this action back to the Circuit Court of the City of Chesapeake, Virginia.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the parties.

IT IS SO ORDERED.