[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11091
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cv-00929-MSS-DAB

THELMA NELSON,

Plaintiff - Appellant,

versus

BANK OF AMERICA, N.A.,
BAC HOME LOANS SERVICING, LP,
a subsidiary of Bank of America, N.A.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 31, 2011)

Before CARNES, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Thelma Nelson filed a verified complaint seeking a declaratory judgment against Bank of America, N.A. and its subsidiary, BAC Home Loans Servicing, LP. She alleged that those defendants were participants in the United States Treasury's Home Affordable Mortgage Program (HAMP) and that she had entered into a temporary mortgage modification agreement (the Temporary Agreement) with them. Nelson claimed that the defendants had failed to satisfy their obligations under the terms of the Temporary Agreement based on the requirements of HAMP, and she asked the district court to determine the parties' rights and duties. She sought "a declaratory judgment related to the modification of [her] mortgage note, in compliance with HAMP."

The defendants filed a motion to dismiss the complaint, arguing that HAMP did not create a private right of action and that Nelson was merely an incidental beneficiary of the defendants' participation in HAMP. The district court granted that motion, holding that there was no private right of action under HAMP and that, as a result, it lacked subject matter jurisdiction. Whether a statute creates a private right of action is a question of law that we review de novo. See Love v. Delta Air Lines, 310 F.3d 1347, 1351 (11th Cir. 2002).

2

HAMP was authorized by Congress as part of the Emergency Economic Stabilization Act of 2008, see 12 U.S.C. § 5219a(a), which has the stated purpose of giving the Secretary of the Treasury the "authority and facilities" necessary "to restore liquidity and stability to the financial system of the United States." 12 U.S.C. § 5201(1). The Secretary is charged with, among other things, acting in a manner that "preserves homeownership and promotes jobs and economic growth." Id. § 5201(2)(B). The Act provides for oversight of the Secretary's actions by a "Financial Stability Oversight Board," id. § 5214, oversight of the troubled assets relief program (TARP) by the Comptroller General of the United States, id. § 5226, and judicial review of the Secretary's actions, id. § 5229(a)(1), which are reviewable as a "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704. The Act also gives the Secretary authority to revise the HAMP guidelines, 12 U.S.C. § 5219a(a), and to make certain information publicly available, id. § 5219b.

This Court has not addressed in a published opinion the issue of whether HAMP provides for a private right of action, but a host of district courts that have done so have held that it does not. See, e.g., Mosley v. Wells Fargo Bank, N.A., No. 2:11cv268, — F. Supp. 2d — , 2011 WL 3439243, at *3 (E.D. Va. Aug. 5, 2011); Cox v. Mortg. Elec. Registration Sys., Inc., Civil No. 10-4626, — F. Supp.

3

2d —, 2011 WL 2600700, at *3 (D. Minn. June 30, 2011); Melton v. Suntrust Bank, Civil No. 2:11cv204, — F. Supp. 2d —, 2011 WL 1630273, at *1 (E.D. Va. April 21, 2011); Hart v. Countrywide Home Loans, Inc., 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010); Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009).  We agree with those courts, and with the district court in the present case, that nothing express or implied in HAMP gives borrowers a private right of action.  See Thompson v. Thompson, 484 U.S. 174, 179, 108 S.Ct. 513, 516 (1988) ("The intent of Congress remains the ultimate issue, however, and unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.") (quotation marks omitted).

    **AFFIRMED.**