# Third District Court of Appeal

**State of Florida**

Opinion filed October 29, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2878
Lower Tribunal No. 12-28934
_____

**Gwendolyn Baker,**
Appellant,

vs.

**Airguide Manufacturing, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ronald C. Dresnick, Judge.

Russo Appellate Firm, P.A., and Christopher J. Bailey, for appellant.

Law Offices of Richard A. Sherman, P.A., and Richard A. Sherman and James W. Sherman; Law Offices of Esther B. Nickas, and Edelberto Farres, for appellee.

Before ROTHENBERG, LAGOA, and SCALES, JJ.

ROTHENBERG, J.

The plaintiff below, Gwendolyn Baker, appeals a final summary judgment entered in favor of the defendant, Airguide Manufacturing, LLC ("Airguide"), based on the trial court's ruling that Airguide was entitled to workers' compensation immunity. Because we find the trial court correctly found that Airguide was entitled to immunity under section 440.11(2) of the Florida Statutes (2010), we affirm.

Baker began working for a company called Pacesetter in January 2008. The record establishes that Pacesetter is an employment agency that supplies employees to shorthanded companies. For the first six months of her employment with Pacesetter, Baker was placed with various Carmax locations. Then, in July 2008, Pacesetter placed Baker (along with several other Pacesetter employees) with Airguide, an air conditioning duct manufacturer.

Baker worked at Airguide without incident for two years, but on July 28, 2010, a machine designed to punch holes in the aluminum air duct parts unexpectedly activated and injured Baker's right index finger. Baker's immediate supervisor at Airguide, Corine Graham ("Graham"), helped Baker wash the wound and then called Pacesetter to deal with the issue. Pacesetter sent a driver to pick up Baker, and Baker was taken back to the Pacesetter facilities, where she filed a report. Baker was subsequently taken to a doctor's office and then later to a

2

hospital. Baker experienced significant pain and immobility in her finger and had to undergo physical therapy and rehabilitation. Baker claims she still experiences pain in the finger to this day.

Baker successfully filed a workers' compensation claim with Pacesetter after her accident, and she was reimbursed for her injury based on the statutorily prescribed reimbursement amount. Unsatisfied with her recovery amount, Baker subsequently filed the underlying negligence suit against Airguide on July 24, 2012. After some discovery, Airguide filed a motion for summary judgment, arguing that it was immune from liability because Baker was either a "borrowed servant" under common law doctrine or was an employee of a help supply services company as provided in section 440.11(2) of the Florida Statutes, and therefore, Baker's exclusive remedy was through workers' compensation, which she had already received.

The motion for summary judgment cited and relied heavily upon Baker's deposition testimony. In that deposition, which was taken on May 21, 2013, Baker stated that she reported directly to Airguide in the mornings, was trained to use the machines by Airguide employees, was monitored and reprimanded by Airguide employees, and was assigned weekly hours and tasks by Airguide management, but that Pacesetter issued Baker's paychecks and sent supervisors to the Airguide premises once or twice per week to check on the Pacesetter employees.

Two days before the summary judgment hearing, and four months after Baker's deposition, on September 11, 2013, Baker filed an affidavit and an errata sheet to her deposition that materially conflicted with some of the statements she had made during her deposition. Based on the changes to her testimony, Baker argued that there was a genuine dispute over material facts whether Airguide possessed the requisite degree of control over Baker to establish Airguide's immunity under the common law "borrowed servant" doctrine. After some legal argument on the issue, the trial court granted Airguide's motion for summary judgment. Baker filed a motion for rehearing, which the trial court denied, and this appeal followed.

Baker contends on appeal that the trial court erred by failing to consider her affidavit and errata sheet and that it improperly granted Airguide's motion for summary judgment because Airguide did not meet its burden of establishing that it was entitled to workers' compensation immunity. We disagree.

As to the first issue, it is well-established Florida law that a party may not rely on an affidavit that contradicts or repudiates prior deposition testimony simply to defeat a motion for summary judgment. Ellison v. Anderson, 74 So. 2d 680, 681 (Fla. 1954); United Auto. Ins. Co. v. Seffar, 37 So. 3d 379, 380-81 (Fla. 3d DCA 2010). In this case, Baker testified in a sworn deposition that Airguide had nearly complete control over her everyday work activities and that Pacesetter

4

merely provided her paycheck. Then, curiously, nearly four months after her deposition and only two days before the summary judgment hearing, Baker filed her affidavit and errata sheet to state that she checked in with Pacesetter every morning, that Pacesetter supervisors often checked on her at Airguide, and that Airguide had limited authority to direct her work, determine her hours, or terminate her. These statements clearly contradict Baker's deposition testimony, and they evidence an attempt on Baker's part to contravene her prior testimony and create a factual dispute regarding Airguide's ability to control her workplace conduct—one of the main factors considered under the "borrowed servant" doctrine. We accordingly find that the trial court did not err by refusing to consider the affidavit and errata sheet testimony when granting Airguide's motion for summary judgment.

Although we find that the trial court did not err by rejecting Baker's contradictory affidavit and errata sheet, the inadmissibility of the affidavit and errata sheet is not dispositive. While these two documents may have potentially created a dispute as to whether Airguide sufficiently established that it was entitled to immunity under the common law "borrowed servant" doctrine, they create no dispute as to whether Airguide is entitled to immunity as a "help supply services company" under section 440.11(2) of the Florida Statutes. Because Airguide is

clearly a help supply services company under section 440.11(2), we affirm the trial court's ruling on that issue as well.

As explained by this Court in <u>Cabrera v. T.J. Pavement Corp.</u>:

> Florida's workers' compensation act sets forth a comprehensive scheme that provides benefits to workers injured during employment. This system, which is based on mutual renunciation of common law rights and defenses by employers and employees, ensures that injured employees who fall within its scope receive swift compensation and medical benefits from the employer irrespective of fault or cause of injury. In exchange, employers who comply with the workers' compensation act receive immunity from suit except in limited circumstances.

2 So. 3d 996, 998 (Fla. 3d DCA 2008) (citations omitted).

As an extension of the immunity conferred on employers by workers' compensation, the common law "borrowed servant" doctrine was developed to cover employers that utilize other companies' employees to complete their work under circumstances indicating that the borrowing employer is the de facto employer of the borrowed employee at the time of the injury. <u>See</u> <u>Hazealeferiou v. Labor Ready</u>, 947 So. 2d 599, 603 (Fla. 1st DCA 2007) ("The doctrine of lent employment reflects the dual purpose of ensuring that a lent employee is covered by workers' compensation and immunizing employers attaining 'special employer' status from liability in tort."). The company "borrowing" employees from another company is deemed the borrowed employees' "special employer," and the special

6

employer is entitled to the same workers' compensation immunity as the employees' actual employer where:

"(1) there was a contract for hire, either express or implied, between the special employer and the employee; (2) the work being done at the time of the injury was essentially that of the special employer; and (3) the power to control the details of the work resided with the special employer."

Fossett v. Se. Toyota Distribs., LLC, 60 So. 3d 1155, 1158 (Fla. 1st DCA 2011) (quoting St. Lucie Falls Prop. Owners Ass'n v. Morelli, 956 So. 2d 1283, 1286 (Fla. 4th DCA 2007)).

In addition to the common law "borrowed servant" doctrine, section 440.11(2) of the Florida Statutes also extends statutory workers' compensation immunity to employers utilizing the employees of a "help supply services company." Specifically, subsection 440.11(2) states:

The [workers' compensation] immunity from liability described in subsection (1) **shall extend to an employer and to each employee of the employer which uses the services of the employees of a help supply services company**, as set forth in North American Industrial Classification System Codes 561320 and 561330, when such employees, whether management or staff, are acting in furtherance of the employer's business. An employee so engaged by the employer **shall be considered a borrowed employee of the employer and, for the purposes of this section, shall be treated as any other employee of the employer.** The employer shall be liable for and shall secure the payment of compensation to all such borrowed employees as required in s. 440.10, except when such payment has been secured by the help supply services company.

(emphasis added). North American Industrial Classification System ("NAICS")

Code 561320, which is expressly incorporated into subsection 440.11(2),[1] further

defines "help supply services company" by providing:

> **561320 Temporary Help Services**
> This industry comprises establishments primarily engaged in supplying workers to clients' businesses for limited periods of time to supplement the working force of the client. The individuals provided are employees of the temporary help service establishment. However, these establishments do not provide direct supervision of their employees at the clients' work sites.

Thus, an employer can establish its right to workers' compensation

immunity by either meeting the three-prong test for common law "borrowed

servant" immunity or by establishing that the injured employee came from a "help

supply services company" under the terms of the statute at the time the employee

suffered a work-related injury. Hazealeferiou, 947 So. 2d at 603.

The three-prong common law test requires a substantial factual inquiry,

including proof of either an express or implied contract between the special

employer and the claimant and details regarding the relative control the general

employer and special employer exercised over the employee. Suarez v.

Transmontaigne Servs., Inc., 127 So. 3d 845, 847-48 (Fla. 4th DCA 2013).

Conversely, the statutory immunity for employers that utilize help supply services

---

[1] Subsection 440.11(2) also incorporates NAICS Code 561330. Code 561330 defines Professional Employer Organizations, and its terms do not apply to this case.

8

companies requires only that the special employer demonstrate that the employee was acquired from a help supply service company. § 440.11(2); Hazealeferiou, 947 So. 2d at 603.

We need not engage in the factual determination of whether the three-prong common law test was met in this case because Pacesetter is clearly a help supply services company. Pacesetter is a national corporation that leases professional workers and manual laborers to various companies throughout the United States for a fee—the very definition of a help supply service company. See Tu-Lane Invs., Inc. v. Orr, 889 So. 2d 961, 963 (Fla. 1st DCA 2004) ("The definition of 'help supply services company' includes 'employee leasing company.'" quoting Caramico v. Artcraft Indus., Inc., 727 So. 2d 348, 349 (Fla. 5th DCA 1999)). Baker herself testified at her initial deposition and in the subsequently filed errata sheet and affidavit that Pacesetter was her actual employer, but that she was leased to various other employers. Indeed, Baker was only one of several Pacesetter employees that had been sent to work at Airguide to meet Airguide's labor demands. Thus, Pacesetter is a help supply service company that is entitled to workers' compensation immunity under the terms of the statute.

Affirmed.