# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-1260 & 3D20-1473
Lower Tribunal No. 14-30380

_____

**Denise Riano, et al.,**
Appellants,

vs.

**Bank of America, N.A., et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Jerome S. Reisman, P.A., and Jerome S. Reisman; J.T. Simons, P.A., and Jeremy T. Simons (New Port Richey), for appellants.

Liebler Gonzalez & Portuondo and Alan M. Pierce; Troutman Pepper Hamilton Sanders LLP, and Hallie S. Evans (Atlanta, GA), for appellees.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

In this consolidated case, Denise Riano appeals from a final judgment

rendered in favor of Bank of America, N.A. (the "Bank"), on her third-party claim for specific performance, and petitions for a writ of certiorari seeking review of an order granting Federal National Mortgage Association's ("FNMA") motion for final summary judgment on her counterclaim for specific performance. We affirm the appeal and dismiss the petition for writ of certiorari.

In 2014, the Bank filed a one-count foreclosure complaint against Riano, alleging that it was the holder of the note and mortgage executed on August 17, 2005, and that there had been a default under the note and mortgage because the payment due April 1, 2010, and all subsequent payments, had not been made. After the Bank was no longer the servicer of the loan, FNMA was substituted as the party plaintiff and the Bank remained in the case as a third-party defendant. Riano's Fourth Amended Answer, Affirmative Defenses, 3rd Party-Claims & Counterclaims relevantly alleged a claim for specific performance against counter-defendant FNMA and third-party defendant Bank. Riano's claim for specific performance was based on her allegation that she and the Bank had entered into a permanent loan modification agreement in July 2009 under the federal government's Home Affordable Modification Program ("HAMP"). The trial court granted the

2

Bank's and FNMA's respective motions for summary judgment on Riano's claim for specific performance.

We affirm the final judgment in favor of the Bank on the basis that there is no independent cause of action for a lender's failure to provide a loan modification agreement under HAMP, which, at its root, is what Riano seeks here. See Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2012) (holding that no private right of action exists to enforce lender compliance with HAMP); accord Bloch v. Wells Fargo Home Mortg., 755 F.3d 886, 889 n.3 (11th Cir. 2014); Nelson v. Bank of Am., N.A., 446 F. App'x 158, 159 (11th Cir. 2011).

As to Riano's petition seeking certiorari review of the trial court's order granting FNMA's motion for summary judgment, we dismiss the petition for lack of jurisdiction. Because Riano does not argue a departure from the essential requirements of the law, much less irreparable harm, the petition must be dismissed. Fratangelo v. Olsen, 271 So. 3d 1051, 1054 (Fla. 3d DCA 2018) ("The threshold question that must first be addressed by this Court, before we may address the petition itself, is whether there is a showing of a material injury/irreparable harm that cannot be corrected on appeal. Only after irreparable harm has been established can an appellate court then review whether the petitioner has also shown a departure from

the essential requirements of law." (citation omitted)). Relatedly, we note that Riano pled affirmative defenses to the foreclosure action, including an affirmative defense that the parties entered into a novation of the original loan when Riano fully performed her obligations under the modification offer and she was then notified that she qualified for a permanent loan modification. With that in mind, we emphasize that our affirmance of the final judgment in favor of the Bank is without prejudice to Riano asserting affirmative defenses in the still-pending foreclosure action by FNMA. See Consortion Trading Int'l, Ltd. v. Lowrance, 682 So. 2d 221, 222 (Fla. 3d DCA 1996); Pavolini v. Williams, 915 So. 2d 251, 254 (Fla. 5th DCA 2005); Brenowitz v. Cent. Nat'l Bank, 597 So. 2d 340, 343 (Fla. 2d DCA 1992).

Affirmed; petition dismissed.