# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1842
Lower Tribunal No. 22-1862-CA-01
_____


**Elisa Gonzales**,
Appellant,

vs.

**Citizens Property Insurance Corporation**,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Stephan Lopez Law Firm, LLC, and Stephan Lopez, for appellant.

Dinsmore & Shohl LLP, and Kathryn L. Ender and Janice Lopez, for appellee.


Before LOGUE, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Rich v. Narog</u>, 366 So. 3d 1111, 1118 (Fla. 3d DCA

2022) ("[W]here . . . the nonmoving party bears the burden of proof on a dispositive issue at trial, the moving party need only demonstrate 'that there is an absence of evidence to support the nonmoving party's case.'" (footnote omitted) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986))); Citizens Prop. Ins. Corp. v. Kings Creek S. Condo, Inc., 300 So. 3d 763, 765 (Fla. 3d DCA 2020) ("Under a named perils insurance policy, [the insured] bore the burden to prove that wind, as a covered cause of loss under the policy, caused the damage to the buildings."); Baker v. Airguide Mfg., LLC, 151 So. 3d 38, 40 (Fla. 3d DCA 2014) ("[I]t is well-established Florida law that a party may not rely on an affidavit that contradicts or repudiates prior deposition testimony simply to defeat a motion for summary judgment."); Ruiz v. Wendy's Trucking, LLC, 357 So. 3d 292, 304 (Fla. 2d DCA 2023) ("[I]t [is] inappropriate for a party to raise an issue for the first time on appeal from summary judgment." (quoting Dober v. Worrell, 401 So. 2d 1322, 1324 (Fla. 1981))).