[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10620
Non-Argument Calendar

_____

D. C. Docket Nos.
05-01580-CV-T-30-TGW
94-11705-BK-KRM

IN RE:
VINCENT J. MAYER,
RAMONA S. MAYER,
Debtors.

--------------------------------------------

VIRGINIA D. HATCH,
BILLY F. HATCH,

                                        Plaintiffs-Appellants,

versus

RALPH J. HARPLEY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 10, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Virginia D. Hatch and Billy F. Hatch (collectively 'the Hatches'), proceeding pro se, appeal the district court's affirmance of the bankruptcy court's determination that debtor Ramona Mayer, the Hatches' daughter, shared with them a legal interest in 11,792 shares of Wal-Mart stock. Appellee Ralph Harpley ('the Trustee') is the Trustee of Mayer's bankruptcy estate, and was the named plaintiff before the bankruptcy court in an adversary proceeding brought regarding the ownership of the stock.

The stock certificates in question listed both of the Hatches and Mayer, creating a rebuttable presumption under state law that an interest in the stock, which had been purchased by the Hatches, had been gifted to Mayer. The Hatches argued that Mayer's name had only been listed on the stock certificates as a survivorship interest. After an evidentiary hearing, the bankruptcy court found the Hatches non-credible and determined that they had not overcome the presumption that a gift had occurred. Accordingly, the bankruptcy court ordered the stock to be partitioned and one-third of the stock to be turned over to the Trustee.

We address two initial matters before reaching the Hatches' arguments on appeal. First, the Trustee argues that the instant appeal should be dismissed as

moot because the Hatches did not obtain a stay of sale and Mayer's interest in the Wal-Mart stock was subsequently sold. The Trustee is correct that we are powerless to order the recision of this sale. In re Sewanee Land, Coal & Cattle, Inc., 735 F.2d 1294, 1295 (11th Cir. 1984). However, the bankruptcy court did grant a stay on any distribution of the post-tax proceeds of the sale, and the Hatches could still obtain relief as to those proceeds. See Markstein v. Massey Associates, Ltd., 763 F.2d 1325, 1327 (11th Cir. 1985). Accordingly, this appeal is not moot.

Second, we must determine which issues raised by the Hatches are properly before us. "Bankruptcy Rule 8006 directs an appellant to file with the clerk and serve on the appellee 'a designation of the items to be included in the record on appeal and a statement of the issues to be presented.' An issue that is not listed pursuant to this rule and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal." In re: Freeman, 956 F.2d 252, 255 (11th Cir. 1992). "A federal appellate court will not, as a general rule, consider an issue that is raised for the first time on appeal. The corollary of this rule is that, if a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it." In re: Pan Am. World

Airways, 905 F.2d 1457, 1461-62 (11th Cir. 1990) (internal footnote omitted). An argument not raised in an initial brief is deemed abandoned. Mendoza v. United States Atty. Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

Therefore, the only issues before us are those that were noted by the Hatches in the bankruptcy court, raised on appeal before the district court, and argued in their initial brief before this Court. Three issues raised by the Hatches meet these criteria: whether the Hatches were entitled to an involuntary dismissal of the Trustee's complaint, whether the complaint was brought outside the 11 U.S.C. § 546 statute of limitations, and whether the bankruptcy court abused its discretion in declining to apply the "adverse witness rule."

"As the second court of review of a bankruptcy court's judgment, we independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court. As the district court made no factual findings in its function as an appellate court, our review is de novo. We review the findings of fact made by the bankruptcy court for clear error. A factual finding is not clearly erroneous unless this court, after reviewing all of the evidence, [is] left with the definite and firm conviction that a mistake has been committed. This Court conducts a de novo review of determinations of law, whether from the bankruptcy court or the district court." IBT Int'l, Inc. v.

4

Northern (In re: Int'l Admin. Servs.), 408 F.3d 689, 698 (11th Cir. 2005) (internal citations and quotation marks omitted; editing marks in original).

The Hatches first argue on appeal that the bankruptcy court erred in denying their adversary proceeding motion for default judgment, which, because the Hatches were defendants, we construe as a motion for involuntary dismissal for failure to prosecute and comply with the bankruptcy court's orders and procedural rules. We review the denial of a motion for involuntary dismissal for an abuse of discretion. See Gratton v. Great Am. Communs., 178 F.3d 1371, 1374 (11th Cir. 1999).

Under Federal Rule of Civil Procedure 41(h), which is generally applicable in bankruptcy adversary proceedings, see Fed. R. Bank. Pro. 7041, a defendant may move for the involuntary dismissal of a complaint for the "failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed.R.Civ.Pro. 41(b). Dismissal of a claim under Rule 41(h) is a sanction of last resort, applicable only in extreme circumstances. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

Here, the Hatches' motion alleged only that the Trustee had failed to file responses to each of the Hatches' numerous pleadings. Further, the Hatches did not file their motion until after the bankruptcy court had already granted the

5

Trustee judgment on the merits. We find that the bankruptcy court did not abuse its discretion in denying this motion.

The Hatches also argue that the adversary proceeding to partition and turnover the Wal-Mart stock was brought outside of the 11 U.S.C. § 546 statute of limitations. However, that section is inapplicable to the proceeding at issue. Section 546(a) of Title 11 provides for a limitations period on actions or proceedings brought pursuant to 11 U.S.C. §§ 544, 545, 547, 553. 11 U.S.C. § 546(a). However, the instant adversary proceeding sought turnover, partition, and sale pursuant to 11 U.S.C. §§ 363, 542. The § 546 limitations period is not applicable to such a proceeding. See 11 U.S.C. § 546(a). Thus, we find no merit to this argument.

Finally, the Hatches argue that the bankruptcy court abused its discretion in failing to invoke the adverse witness rule in their favor as a result of the Trustee's failure to call Mayer during the July 15, 2004 evidentiary hearing on whether the Hatches could overcome the presumption of a gift. We construe the Hatches' argument to be invoking the "missing witness inference."

"If a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable." Jones v. Otis

Elevator Co., 861 F.2d 655, 658-59 (11th Cir. 1988) (quoting Graves v. United

States, 150 U.S. 118, 121 (1893)). [1]

In this case, the bankruptcy court did not abuse its discretion in declining to

apply the missing witness inference. At the evidentiary hearing, the Hatches bore

the burden of proof, and the hearing was suspended at the close of their

presentation of evidence to allow the parties to brief the Trustee's motion for a

directed verdict. As the Trustee never had the opportunity to present his case-in-

chief, he never had an opportunity to call Mayer as a witness, and the missing

witness inference was inapplicable.

After careful consideration of the briefs of the parties, and thorough review

of the record, we find no reversible error. Accordingly, the district court's

affirmance of the bankruptcy court is, likewise,

**AFFIRMED.**

---

[1] The value of the missing witness inference has been called into question as the Federal
Rules of Civil Procedure have evolved to allow a party to attack the credibility of its own
witness and both sides in litigation generally have subpoena power of a potential witness. See
Jones, 861 F.2d at 659 n.4.