**SUNDALE, LTD., Plaintiff,**

v.

**OCEAN BANK, Defendant.**

No. 10–21333–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 19, 2010.

Peter D. Russin, Daniel N. Gonzalez, Meland Russin & Budwick, P.A., Miami, FL, for Plaintiff.

Gregory S. Grossman, Edward M. Mullins, Douglas J. Giuliano, Astigarraga Davis Mullins & Grossman, P.A., Miami, FL, for Defendant.

## ORDER DENYING MOTION FOR LEAVE TO AMEND

FEDERICO A. MORENO, Chief Judge.

THIS CAUSE came before this Court upon Appellant's Motion for Leave to Amend its Initial Brief (**D.E. No14**), filed on *July 13, 2010.* Because the claim that Appellant seeks to add cannot be inferred from the issues listed in its Rule 8006 Issue Statement and Appellant failed to raise it before the Bankruptcy Court, this Court denies Appellant's Motion for Leave to Amend.

## FACTUAL BACKGROUND

Appellant Sundale, Ltd. appeals the Bankruptcy Court's Order Dismissing Sundale's Second Amended Complaint with Prejudice. In its Second Amended Complaint, Sundale sued Ocean Bank for breach of contract, promissory estoppel, and equitable estoppel. Sundale claimed that Ocean Bank failed to honor an agreement that extended the maturity date for a $12,000,000 loan that Ocean Bank had given to Sundale. Specifically, Sundale alleged that Ocean Bank agreed to extend the maturity date for the loan from September 5, 2007 until at least January 4, 2008, and that Ocean Bank breached this agreement by declaring the loan in default and by calling the loan prior to the extended due date. Bankruptcy Judge Isicoff dismissed with prejudice Appellant's Second Amended Complaint after finding that Appellant could not satisfy the requirements of the Florida Banking Statute of Frauds, § 687.0304, Florida Statutes (2009), because the alleged credit extension was not signed in writing, expressing consideration and setting forth the relevant terms and conditions of the agreement.

On July 13, 2010, Appellant moved for leave to amend its initial appellate brief. Appellant seeks to alternatively argue that the Bankruptcy Court erred in finding that § 687.0304 applies to Appellee's oral modification of the maturity date for the loan because it claims that the modification is not a new "credit agreement" under the statute. Appellant failed to raise and the Bankruptcy Court did not consider Appellant's new argument. Appellant submits, however, that this Court may review its claim for the first time on appeal because failure to do so would result in manifest injustice. Because this Court concludes that it may not review Appellant's claim, the motion to amend is denied.

## DISCUSSION

To determine whether to grant Appellant leave to amend its appellate brief, this Court will decide whether it can properly consider Appellant's argument if the motion were granted. There are two hurdles that this Court must confront to conclude that it should permit Appellant to amend its brief. First, Federal Rule of Bankruptcy Procedure 8006 requires that an appellant "file with the clerk and serve on the appellee ... a designation of the

items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr.P. 8006. The Eleventh Circuit has directed that "[a]n issue that is not listed pursuant to [Rule 8006] and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal." *Snap–On Tools, Inc. v. Freeman* (*In re Freeman*), 956 F.2d 252, 255 (11th Cir.1992). Unless this Court finds that Appellant's new claim can be inferred from its Rule 8006 Issue Statement, the motion to amend should be denied. Second, if this Court finds that Appellant's new claim is inferable from the issues, then it must determine whether failure to allow Appellant to raise a new claim would result in manifest injustice such that it should deviate from the general rule that "[a] federal appellate court will not ... consider an issue that is raised for the first time on appeal." *Hatch v. Harpley* (*In re Vincent J. Mayer*), 235 Fed. Appx. 730, 731 (11th Cir.2007) (quoting *In re Pan Am. World Airways*, 905 F.2d 1457, 1461–62 (11th Cir.1990)).

### A. Bankruptcy Rule 8006

In its Rule 8006 Issue Statement, Appellant designated four issues:

1. Whether the Bankruptcy Court erred in its Order Dismissing Second Amended Complaint With Prejudice [D.E. 65]?

2. Whether the Bankruptcy Court erred in finding that Count I of the Second Amended Complaint for breach of contract should be dismissed because the agreement sued on does not satisfy the requirements of Fla. Stat. § 687.0304, Florida's Banking Statute of Frauds, and was not pled with the requisite specificity?

3. Whether the Bankruptcy Court erred in finding that Count II of the Second Amended Complaint for promis-

sory estoppel should be dismissed because recovery for promissory estoppel is precluded where the Court found Sundale's contract claim is barred by Fla. Stat. § 687.0304, Florida's Banking Statute of Frauds, and was not pled with requisite specificity?

4. Whether the Bankruptcy Court erred in finding that Count III of the Second Amended Complaint for equitable estoppel should be dismissed because recovery for equitable estoppel is precluded where the Court found Sundale's contract claim is barred by Fla. Stat. § 687.0304, Florida's Bankruptcy Statute of Frauds, and was not pled with requisite specificity?

D.E. No. 2–2. Appellant argues that its new claim that the Bankruptcy Court erred in finding that an oral modification to an existing credit agreement is subject to § 687.0304's writing requirement can be inferred from the first issue. Before this Court decides whether such an inference can be made, it must determine when an issue is inferable. To "infer" means "to derive by reasoning or implication," "to conclude from facts or from factual reasoning," or "to reason from one thing to another." *In re Hydratech Utilities, Inc.,* Nos. 2:08–cv–331–FtM–UA, 2:08–cv–523–FtM–UA, 2009 WL 482275, at *2 (M.D.Fla. Feb.25, 2009) (citation omitted). It is important to note that "[t]he Eleventh Circuit has not set forth a test for determining when an issue is inferable." *Bracewell v. Kelley* (*In re Bracewell*), 322 B.R. 698, 702 (M.D.Ga.2005).

█ This Court, however, will use the considerations of the court in *Bracewell* to guide its decision. In *Bracewell*, the court found that Appellant's issue of whether federal crops disaster payment is property of the estate under 11 U.S.C.A. § 541(a)(1) could be read to include, by inference, the issue of whether the property was part of

the estate under § 541(a)(6), because it had been sufficiently briefed and argued before the bankruptcy court. *Id.* "Adopting a mix of approaches" utilized by other courts, the court held:

> [A]n issue not listed in a Rule 8006 Issue Statement is inferable under the following circumstances. First, the issue must have been raised in the bankruptcy court because an appellate court generally will not consider issues not adjudicated below. Second, ... the issue must not require the court to make any independent factual finding. Third, the issue must present no surprise to the other litigant.

*Id.* (citations omitted).

 In this case, the record clearly indicates that Appellant did not raise and the Bankruptcy Court did not consider the issue of whether the Statute of Frauds requirements of § 687.0304 apply to an oral modification of an existing credit agreement. In fact, Appellant maintained the opposite. For example, in its brief, Appellant stated, "While Sundale concedes the Agreement constitutes a 'credit agreement' under the Statute, the Agreement as pled satisfies all of the requirements under the Statute and ... is not barred by the Statute." App. Br. p. 5–6. Therefore, Appellant's first issue that "the Bankruptcy Court erred in its Order Dismissing Second Amended Complaint With Prejudice" in this context cannot sustain the inference that the Bankruptcy Court erred in failing to consider whether § 687.0304's requirements apply to oral modifications of an existing credit agreement. To find otherwise would give Appellant the advantage of having this Court consider an argument on appeal that it should have raised before the Bankruptcy Court. It would also thwart the purpose of Rule 8006, which is "to provide the reviewing court with an adequate basis for evaluating the appel-

lant's claims on appeal" and "to 'identify the portions of the testimony below that should be included in the record on appeal.'" *In re CPDC, Inc.*, 221 F.3d 693, 698 (5th Cir.2000) (quoting Editor's Comment, *Norton Bankruptcy Rules Pamphlet* 559 (1999–2000 ed.)). If this Court were to find that Appellant's new claim can be inferred from the first issue, it would permit future appellants to rely on similar blanket statements instead of submitting specific issues that assist reviewing courts in evaluating the record. This would render Rule 8006 without purpose.

While the issue may not necessarily require this Court to make any independent factual findings, the issue would present a surprise to Appellee. Appellee has not addressed the issue in any of its briefs nor before the Bankruptcy Court. Furthermore, Appellee could not have deduced from any of Appellant's briefs and arguments that Appellant, at this point in the appeal, would seek to argue that the oral modification is not a "credit agreement," since it has, until now, repeatedly conceded that it is a "credit agreement."

Because this Court concludes that it cannot infer Appellant's new claim from the first issue since none of the parties briefed or argued it before the Bankruptcy Court, this Court denies Appellant's Motion for Leave to Amend its Initial Brief.

### B. Manifest Injustice

 Even if Appellant's new claim that § 687.0304's writing requirements do not apply to oral modifications of existing credit agreements could be inferred from issues listed in its Rule 8006 Issue Statement, it did not raise this argument in the Bankruptcy Court. In accordance with the general rule that appellate courts will not consider an issue raised for the first time on appeal, this Court denies Appellant's motion to amend because there is no

manifest injustice to remedy. *Cf. Singleton v. Wulff,* 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826(1976). In reaching this result, this Court notes that if it allowed the argument to be included in the appeal, the outcome of the case would be unchanged, because Appellant's argument is without merit. This Court finds that the text of the statute and case law do not support Appellant's argument.

Section 687.0304 "was enacted to protect lenders from liability for actions or statements a lender might make in the context of counseling or negotiating with the borrower which the borrower construes as an agreement, the subsequent violation of which is actionable against the lender." *Brenowitz v. Cent. Nat'l Bank,* 597 So.2d 340, 342 (Fla.2d DCA 1992). Section 687.0304 defines "credit agreement" as "an agreement to lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation." § 687.0304(1)(a). The modification at issue in this case qualifies as a credit agreement because it allegedly forbore the repayment of money by extending the due date of the loan by at least 120 days. *See, e.g., Pavolini v. Williams,* 915 So.2d 251, 253 (Fla. 5th DCA 2005) (where the court found that, pursuant to § 687.0304, the borrowers' claims, based on an oral arrangement that extended the payment of taxes and insurance required by the original loan documents, should not have been stricken since they were *defensively* asserted). Section 687.0304(2) provides that "[a] debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." Section 687.0304(3) also provides that "[t]he agreement by a creditor to take certain actions, such as entering into a new credit agreement, *forbearing from exercising remedies under prior credit agreements,* or extending installments due under prior credit agreements" "do[es] not give rise to a claim that a new credit agreement is created, unless the agreement satisfies the requirements of subsection (2)." (emphasis added).

Florida courts have repeatedly interpreted § 687.0304 to allow debtors to use oral agreements with creditors as shields in creditor actions, but have denied debtors the ability to use such agreements as swords in their own actions against creditors, which is the case here. For example, in *Brenowitz,* the Second District Court of Appeals reversed the lower court after concluding that pursuant to § 687.0304 "an agreement need not have been reduced to writing in order for [the debtor] to assert it *defensively.*" 597 So.2d at 343. The court found, however, that § 687.0304 "works to prevent a debtor seeking affirmative relief from using an unwritten credit agreement to sue the creditor for breach of that agreement." *Id.* In *Griffiths v. Barnett Bank of Naples,* by contrast, the court found that the debtors' counter-claims, including breach of contract, "founded upon their assertions that the banking officer made statements or agreements concerning the extension of credit ... [were] specifically excluded as specified in subsection (3) of section 687.0304." 603 So.2d 690, 691 (Fla.2d DCA 1992). The court reasserted its holding in *Brenowitz* that only "affirmative defenses [based on such agreements] may be asserted by way of answer." *Id.*

In this case, Appellant's claims are not affirmative defenses, but rather affirmative claims based on an alleged oral agreement with Appellee. Therefore, to maintain an action on the agreement, Appellant must show that it satisfies § 687.0304's writing requirements. Based on the foregoing, this Court concludes that even if it

granted Appellant's motion to amend and the argument were properly before this Court, the order would not affect the result of the appeal such that it would prevent manifest injustice.

## CONCLUSION

Because this Court finds that it may not properly hear Appellant's new claim, it is

**ADJUDGED** that Plaintiff's Motion to For Leave to Amend its Initial Brief is DENIED.

DONE AND ORDERED.